The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.

---

## MELINDA HOUGHTALING, APPELLANT, *v.* BENJAMIN SHELLEY, RESPONDENT.

*Obstruction of a highway by an adjoining owner — liability therefor.*

Upon a public highway, which ran through lands belonging on both sides to the defendant, there were heaps of stone on the side of the road which had been placed and left there by the defendant for a number of years, some of which were within a foot of the traveled track of the highway. There had also been placed in the roads sacks and barrels filled with apples by persons who were gathering apples from the defendant's land.

The plaintiff was riding over this road in a one-horse wagon with another person, who was driving. The horse became frightened, jumped sideways, and the wagon-wheel struck one of the stone heaps, tipping over sufficiently to displace the driver, who fell out carrying the reins with him. The horse having started to run the plaintiff, in attempting to escape by leaping from the wagon, broke her leg.

In an action, brought to recover the damages resulting therefrom:

*Held*, that by placing the stone heaps in the highway, and permitting them to remain there in a position likely to cause accident or injuries, the defendant rendered himself liable for the damages which were likely to result to individuals by reason of their presence upon the surface at that place.

That the questions of fact involved in this action should have been submitted to the jury under proper instructions, and if the jury should find that the heap of stones was the proximate cause of the injury, the plaintiff would be entitled to recover.

APPEAL from a judgment rendered at the Dutchess County Circuit dismissing the plaintiff's complaint, with costs to the defendant, which was entered in the office of the clerk of Dutchess county on October 9, 1888.

*W. J. Thorn,* for the appellant.

*Esselstyn & McCarty,* for the respondent.

DYKMAN, J.:

The plaintiff was riding over a public highway in Dutchess county, which ran through the land belonging to the defendant on both sides. There were heaps of stones on the side of the road, which had been placed there by the defendant a number of years before the accident of which the plaintiff complains in this action, and some of the stones were within a foot of the traveled track of the highway. There were also, at the same time, placed in the road, sacks filled with apples, which had been placed there by a person who was gathering apples from the defendant's land; there were barrels there also. The plaintiff was riding in a one-horse wagon, with another person, who was driving, and the horse became frightened and jumped sideways, and the wagon-wheel struck one of the stone heaps and tipped over sufficiently to displace the driver, who then fell out and carried the reins with him. The horse, thus left without control, started to run, and while he was running at high speed the plaintiff attempted to escape by leaping from the wagon, and broke her leg. This action was brought to recover the damage she thus sustained, and, at the trial, the complaint was dismissed at the close of the plaintiff's case, and she has appealed.

Public highways in the rural districts, like streets and avenues in cities and villages, are constructed for the use of the public; and whoever obstructs them or impairs their usefulness, or renders their use hazardous by placing any object upon the surface of the ground, becomes responsible for injuries to individuals resulting from their unsafety for their appropriate use. Such actions are not based upon negligence, but upon a wrongful act; and it is, therefore, unnecessary to prove either negligence of the defendant, or want of it in the plaintiff, to justify a recovery in the first instance. The following cases are authority for what has been said: *Dygert* v. *Schenck* (23 Wend., 446); *Congreve* v. *Smith* (18 N. Y., 79); *Clifford* v. *Dam* (81 id., 56); *Jennings* v. *Van Schaick* (108 id., 530). Placing the stone heaps in the highway, and permitting them to remain there in a position likely to cause accident or injuries, was a wrong which imposed liability upon the defendant for the damages which

were likely to result to individuals by reason of their presence upon the surface in that place.

It seems very likely that the trial judge felt some difficulty about the cause of the accident; and while the first fright of the horse came from the apple sack, yet he was well in hand until the wheel of the wagon struck the stone heaps and overthrew the driver, and we think, therefore, the stone heap was the proximate cause of the injury to the plaintiff. "When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause unless, without its operation, the accident would not have happened." (*Ring* v. *City of Cohoes*, 77 N. Y., 90.)

In any view, however, the question of fact involved in the action should have been submitted to the jury under proper instructions; and if the jury should find that the heap of stones was the proximate cause of the injury, the plaintiff would be entitled to recover.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and PRATT, J., concurred.

Judgment dismissing complaint reversed, and new trial granted costs to abide event.