## Jackson-Hazard Telephone Co. v. Holliday's Admr

(Decided April 14, 1911.)

### Appeal from Perry Circuit Court.

Highways—Obstruction of—Liability of Telephone Company for Erecting Poles Therein.—Where a telephone company obtains authority to erect its poles along a public highway, it will not be liable in damages for injuries sustained by travelers coming in contact with the poles, unless they are placed in the traveled part of the road or so near thereto as to interfere with or obstruct public travel.

BAILEY P. WOOTTON, JESSE MORGAN, J. G. BEGLEY and GREENE, VAN WINKLE & SCHOOLFIELD, for appellant.

HAZELRIGG & HAZELRIGG and E. E. HOGG for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

A team of mules attached to the wagon in which E. H. Holliday was riding on his way home from the town of Hazard ran off, causing the wagon to collide with one of appellant telephone company's poles located on the side of the road. As a result of the collision he was thrown from the wagon and instantly killed. To recover damages for his death his administrator brought this action, alleging that the telephone company had negligently and without right erected and maintained in the public highway a pole which was an obstruction to the travel thereon and interfered with the use of the road by the public. Upon a trial before a jury damages were assessed in favor of the administrator and the company appeals.

As we have reached the conclusion that the jury should have been instructed as requested by counsel for the company to return a verdict in its favor, it will not be necessary to review the other assignments of error.

There is no record evidence of the width of the road at the place where the accident occurred, but as a number of witnesses testified that "it was a fifteen-foot road" we may assume that it was this width. It may also be appropriately stated at this point that in 1901 the fiscal

court of Perry county granted to the appellant company the right to erect its poles along the public road on which the deceased was traveling, the order of court reciting that the company—

"shall have the full, free and exclusive use of all of said public road that is now or may hereafter be opened along said way for operating, controlling and using said telephone line along said road and may erect all poles and wires upon and along said road that may be necessary to erect, carry on and operate said line or lines.   *   *   * In erecting and operating said line or lines it shall so place the poles and run the wires that they will not interfere with the travel of the public along said road."

Soon thereafter a pole was erected at the place where it stood when the accident happened.   That the fiscal court having, as it did, under section 4306 of the Kentucky Statutes the control and supervision of the public roads of the county, had authority before the enactment of section 4679B of the Kentucky Statutes to grant the company the right to erect its poles along this road in the absence of a statute expressly giving the court such authority, is we think settled by the case of Cumberland Telephone & Telegraph Company v. Avritt, 120 Ky. 34. Therefore, in erecting and maintaining its poles along the road the company was not a trespasser.   It had the right to erect them in such places as would not interfere with or obstruct the reasonable use of the road by the traveling public.   Although, as stated, the record does not show the width of the road as laid out by public authority or that the pole with which the wagon collided was erected in the road as established by the county or fiscal court of Perry county, we will treat the case as if the pole was located on ground that had been set apart by the county or fiscal court as a public road.   This leaves to be considered only the question whether or not the pole was so located as to interfere with or obstruct the reasonable use of the road.   At the point where this pole stood the public road runs along the bank of the river, and the pole was located on the edge of the road nearest to the river—leaving, as some witnesses testified, a space occupied by the road between the pole and the hill of "fifteen feet or more".   There was no traveled road or space for a road between the pole and the river, but there was a path made by people who walked there when the road was muddy.   Other witnesses who measured the road testified that it was nineteen feet and a few inches from the telephone pole to the opposite side

of the road, and several said that the pole was a little over more than four feet outside the traveled part of the road. No witness stated that the pole was in the traveled part of the road; nor did any witness say that it interfered with or obstructed travel on the road. On the contrary, all the witnesses testified that it was not in the traveled part of the road and did not obstruct or interfere with the use of the road.

It was necessary to make out a case for the appellee that he should show that the pole was in or so close to the traveled portion of the road as to interfere with or obstruct travel thereon. Or, as stated by the Court in Bevis v. Vanceburg Telephone Company, 121 Ky. 177, in speaking of the right of the telephone company to erect its poles along the public road—

"It nevertheless had no right in its use of the highway to so erect its poles as to interfere with or render dangerous the use thereof by the public for purposes of travel, but could do so only 'in such manner as not to interfere with the ordinary use or the ordinary travel and traffic on such highways.' * * * We may take judicial notice that poles must be set near the side of the street or road, and that they are generally outside of the curb or ditch line, and therefore necessarily in line with the trees."

Although it may be stated as a general principle that the public is entitled to the unobstructed use of every part of a public road, yet when a telephone company is given the right to erect its poles along the highway, it necessarily follows that it must erect them in that part of the highway set apart for the use of the public, and so the grant carries with it the authority to partially obstruct the road. It is a matter of common knowledge that with few exceptions all the public roads in the State that run through cultivated farm lands are fenced on each side, and that on nearly all of these roads there are telephone poles set along the edge of the road between the fence and the traveled part of the road. But it has never been ruled that a pole erected lawfully on ground laid out or established by the authorities as a public road is a nuisance, unless it was erected in the traveled part of the road or that part of the road usually used by the public or so close thereto as to interfere with or obstruct the use of the road by the traveling public. If the pole was in the road, or interfered with its reasonable use, we would not hold that the company was blameless because the mules were frightened and running away when they collided with it.

City of Harrodsburg v. Abram, 138 Ky. 157, 9 L. R. A. (N. S.) 199. The liability of the company for placing an obstruction or obstacle in the road that obstructed or interfered with its reasonable use would be the same in an action to recover damages for injuries caused by it if horses were running away and uncontrollable, as it would be if they were under control, assuming of course that the driver was exercising ordinary care for his own safety. The driver whose team becomes so unmanageable that he loses control over them is as much entitled to have the traveled part of the road free from obstructions as is the driver who has perfect control of his team. Opdyke v. Public Service Ry. Co. 29 L. R. A. (N. S.) 71.

Wherefore the judgment of the lower court is reversed with directions for a new trial in conformity with this opinion.