## Postal Telegraph Cable Company v. Young, By et al.

(Decided December 6, 1916.)

### Appeal from Pendleton Circuit Court.

1. Highways—Obstructions—Runaway Horse—Proximate Cause of Injury.—Where an injury is due both to an accidental runaway and to the negligence of the defendant in placing an obstruction in the highway, the runaway, though a proximate cause, will not relieve the defendant from liability if, as a matter of fact, the injury would not have resulted but for the negligent obstruction.

2. Highways—Obstructions—Question for Jury.—Where a telegraph pole is placed out of line with other poles and is four and one-half feet distant from the fence and on the shoulder of the road and about a foot distant from the metal, or that portion of the road used by vehicles, the question whether or not it is on or so close to the traveled way as to make it dangerous or unsafe for the traveling public is for the jury.

3. Highways—Obstructions—Proximate Cause of Injury—Instruction. —In an accident for damages for personal injuries alleged to have resulted from the obstruction of the highway, an instruction telling the jury in substance to find for plaintiff if they believed from the evidence that the pole was on or so close to the traveled way of the pike as to make it dangerous or unsafe for the traveling public, and that by reason thereof said horse ran said buggy into or against said pole and plaintiff was thrown to the ground and received the injuries of which she complained, sufficiently submits

to the jury the question whether the negligent placing of the pole was the proximate cause of the injury.

4. Trial—Instructions.—It is not error to refuse an offered instruction which is but the converse of a given instruction put in an affirmative form, where the defendant's theory of the case is as well presented by the given instruction as it would have been had the offered instruction been given.

APPLEGATE & CLARKE for appellant.

M. C. SWINFORD and A. H. BARKER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries against the Postal Telegraph Cable Company, plaintiff, Velma Young, suing by her next friend, Anderson Young, recovered a verdict and judgment for $500.00. The defendant appeals.

The accident occurred on the Pleasant Hill turnpike, in Pendleton county, just after dark on the evening of November 26th, 1914. Plaintiff and her escort were in a buggy en route to an entertainment. In front of them and about 75 feet distant was another buggy going in the same direction. The horse which plaintiff's escort was driving became frightened at a piece of paper on the side of the road and began to run. The backing strap broke and the driver lost control of the horse. In its fright the horse attempted to pass the vehicle in front. In doing so the buggy came in contact with one of defendant's telegraph poles. Plaintiff was thrown from the buggy and injured. The roadway at the place of the accident is about 29 feet from fence to fence. The traveled part of the road is 14 feet wide, and the metal on the side where the pole was located is 5 feet and 7 inches from the fence. The pole was located 4½ feet from the fence and 1 foot and 2-10 inches from the shoulder of the pike. The distance from the edge of the metal and from the buggy wheel tracks thereon to the post was from 12 to 16 inches. It also appears that the pole in question was out of line with defendant's other poles and was nearer to the traveled portion of the road.

It is first insisted that defendant was entitled to a peremptory instruction, on the ground that the proximate cause of the accident was the fright of the horse and the breaking of the harness, and not the improper

location of the pole. This is not a case of concurring acts of negligence on the part of both plaintiff and defendant. It is a case where the runaway was a pure accident and not due to any fault on the part of the plaintiff, and the evidence tended to show the pole was placed so near to the traveled portion of the highway as to obstruct public travel thereon. In other words, the injury was due both to the runaway and to the negligence of the defendant. The established rule in such cases is that both the runaway and the obstruction may be regarded as the proximate cause, but the runaway, although a proximate cause, will not relieve the defendant from liability if, as a matter of fact, the injury would not have resulted but for the negligent obstruction. This rule was applied in the case of Ring v. Cohoes, 77 N. Y. 83, 33 Am. Rep. 574, where the injury was due to an accidental runaway and a culpable defect in the highway. The municipality was held liable on the ground that the injury would not have resulted but for the defect. To the same effect are the following cases: Union Street R. Co. v. Stone, 54 Kan. 83, 37 Pac. 1012; Ehrgott v. New York, 96 N. Y. 264, 48 Am. Rep. 622; Glazier v. Hebron, 62 Hun. 137, 16 N. Y. Supp. 503; Houghtaling v. Shelley, 51 Hun. 598, 3 N. Y. Supp. 904; Chacey v. Fargo, 5 N. D. 173, 64 N. W. 932; Joliet v. Shufeldt, 144 Ill. 403, 18 L. R. A. 750, 36 Am. St. Rep. 453, 32 N. E. 969; Louisville Home Telephone Company v. Gasper, 29 R. 578, 93 S. W. 1057, 9 L. R. A. (N. S.) 548. As well said in the case of Opdycke v. Public Service Railway Company, 76 Atl. (N. J.) 1032, 29 L. R. A. (N. S.) 71: "So long as horses require to be restrained by bit and bridle, it must inevitable at times occur—with what frequency or infrequency is of no present importance—that horses get beyond the control of the person in charge, and run at will through the streets and highways. An occasional runaway horse must necessarily be anticipated. The owner does not lose his property rights because the horse runs away. On the contrary, he is entitled to the use of the highway as a means to enable the horse to reach its home. And so the fact that the animal was, at the time, beyond the control of the owner, cannot be availed of as a defense by one who has placed and maintained an unauthorized or improper structure in the highway."

We find nothing in the case of Allen v. Atlantic & Pacific Telegraph Company, 21 Hun. (N. Y.), 22, or of Bailey v. Bell Telephone Company, 147 N. Y. App. Div. 224, or of Jackson-Hazard Telephone Company v. Holliday's Admr., 143 Ky. 149, which militates against the doctrine above announced. In the Allen case the action was brought to recover damages for the alleged negligence of the defendant in erecting and maintaining a telegraph pole insufficient to sustain its wires. There was a collision between the conveyance in which plaintiff was riding and the pole, and the evidence tended to show that the pole was broken by the collision and not by reason of any insufficiency in strength. The court held that the pole was placed at a sufficient distance from the traveled portion of the highway to be safe from collision with vehicles passing along it under ordinary circumstances, and that the defendant was not bound so to make or manage its line as to guard against severe collisions, the occurrence of which could not have been reasonably expected; and if the injury was caused by such a collision, the defendant was not liable. In the Bailey case plaintiff's intestate was driving along the highway. A piece of the harness broke and the horse became unmanageable and ran away and collided with another carriage going in the same direction. Both rigs were overturned and plaintiff's intestate was thrown against one of the defendant's poles. While recognizing the rule that the company must locate its poles so that they will, not interfere or endanger unnecessarily or unreasonably the use of the highways by the traveling public, the court held that as the highway was twenty-four feet wide, the defendant was not negligent in placing its poles two and one-half feet outside the traveled roadway. The last mentioned case merely holds that where a telephone company obtains authority to erect its poles along a public highway, it will not be liable in damages for injuries sustained by travelers coming in contact with the poles, unless they are placed in the traveled part of the road, or so near thereto as to interfere with or obstruct public travel.

Here the pole in question was out of line with the other poles of the company and was 4½ feet from the fence. It was on the shoulder of the road about a foot distant from the metal, or that portion of the road used by vehicles. Under these circumstances, it was for the

jury to say whether or not the pole was on or so close to the traveled way as to make it dangerous or unsafe for the traveling public.

In instruction No. 1 the court told the jury in substance that if they believed from the evidence that the pole was on or so close to the traveled way of the pike as to make it dangerous or unsafe for the traveling public, and that by reason thereof said horse ran said buggy into or against said pole and plaintiff was thrown to the ground and received the injuries of which she complained, they should find for the plaintiff, but unless they so believed, they should find for defendant. This instruction is assailed on the ground that it authorized a finding in favor of plaintiff without requiring the jury to believe that the improper placing of the pole was the proximate cause of the accident. It was not necessary for the instruction to provide in terms that the jury should believe that the improper placing of the pole was the proximate cause of the accident. All that was necessary was to require the jury to believe in the truth of certain facts, from which it would necessarily follow that the negligent location of the pole was, in fact, the proximate cause of plaintiff's injuries. This the court did by requiring the jury, before finding a verdict for plaintiff, to believe from the evidence that the pole was on or so close to the traveled highway as to make it dangerous or unsafe for the traveling public and by reason thereof the collision took place and plaintiff was injured.

The defendant offered the following instruction:

"If the jury believe from the evidence that the pole of defendant named in the evidence was so located that it left ample room that persons driving in a prudent and ordinary manner could use said highway without danger to the one so using said highway, then they should find for defendant."

It is insisted that the court should have given this instruction, or one similar in effect, in order to present defendant's theory of the case. Before the jury could find for plaintiff under instruction No. 1, they were required to believe that the pole "was on or so close to the traveled way of the pike as to make it dangerous or unsafe for the traveling public." Unless they so believed, they were told to find for the defendant. Since the offered instruction was in substance nothing more than the converse of the given instruction put in an af-

firmative form, we conclude that defendant's theory of the case was as well presented by the given instruction as it would have been if the offered instruction itself had also been given.

Judgment affirmed.