## American Railway Express Company v. McGee, et al.

### (Decided March 26, 1926.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error—Carriers—Where Plaintiff, Suing Express Company for Loss of Goods, Pleaded and Proved Express Contract, Instruction Held Erroneous and Prejudicial in Authorizing Verdict on Implied Contract.—In action against express company for loss of goods destroyed by fire in railroad depot, at which complaint alleged and evidence was offered to prove they were delivered to person who was agent of both railroad company and express company, for carriage by latter, instruction to find for plaintiff if defendant received shipment for carriage as express, either by actual contract or by allowing delivery to it with such knowledge and understanding, held erroneous and prejudicial in authorizing recovery on implied contract.

2. Trial.—Refusal to instruct on question of limitation was not error, where no proof was offered to sustain such plea.

ASHER & SHEHAN for appellant.

C. B. SPICER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Reversing.

The defendant seeks reversal of a judgment for $1,000.00 awarded plaintiffs McGee for loss of two trunks and contents.

The undisputed facts are these: Plaintiffs, Ran McGee and wife, were moving from Lynch, Kentucky, to a point near Charleston, West Virginia. About two o'clock

in the afternoon of November 7 they hauled by truck to the L. & N. depot at Lynch their household goods, two trunks and a box. The household goods were loaded in a box car and sent by freight to Charleston; the box was sent by express to the same place. These articles left Lynch the same afternoon they were delivered for shipment and arrived safely at destination. The trunks and contents, however, were consumed in the fire that destroyed the depot that night.

The whole controversy here is whether when destroyed they were in the custody of the defendant, American Railway Express Company, or of the Louisville & Nashville Railroad Company.

Plaintiffs pleaded and offered evidence to prove they were delivered to and accepted by the express company for carriage by it. This the express company denied and there was proof to sustain its contention, that they were left in the depot and with the railroad company to be checked as baggage and forwarded the next morning on the train plaintiffs contemplated going on.

The chief ground relied on for reversal is alleged error in submitting that question to the jury by instruction No. 1, which reads:

> "If you find from the evidence that the plaintiff delivered to the defendant two trunks containing wearing apparel and other items, as testified to by the witnesses, at the usual place where goods were left by shippers to be shipped by the defendant, and in accordance with a contract or the custom of the carrier to so receive them, and if you further find that the defendant carrier received this shipment for the purpose of carrying them as express, either by actual contract to so carry them, or by allowing the plaintiff to deliver the goods to the defendant with the knowledge and understanding that the plaintiff had so delivered the goods for shipment by express, then the law is for the plaintiff and you will so find."

As plaintiffs plead and their proof sustained only an express contract, it is manifest the instruction is erroneous in so far as it authorized a verdict for them upon an implied contract. And under the peculiar circumstances here we think this error was prejudicial. This is true because both defendant and the Louisville & Nashville Railroad Company were represented at Lynch by the same agent, and both used the same room

for receiving and storing goods for shipment. Hence the same facts that would have warranted an inference that the express company had received the trunks for shipment would just as well have supported an inference the railroad company had received them, and the instruction was therefore not only erroneous, but prejudicial in authorizing the jury to imply a contract with the express company on such facts or at all.

Appellant also complains of the refusal of the court to instruct upon the question of limitation. This, however, was not error, since no proof whatever was offered to sustain this plea.

Nor is there merit in the final contention that the verdict is flagrantly against the evidence. But for the error in the first instruction the judgment is reversed and the cause remanded for proceedings not inconsistent herewith.