## American Railway Express Company v. McGee, et ux.

(Decided March 20, 1928.)

### Appeal from Harlan Circuit Court.

1   Carriers.—In action against express company to recover value of certain trunks destroyed by fire while in depot, evidence as to whether express company received trunks for shipment, or whether they were left in depot, to be carried as personal baggage, held sufficient to require submission to jury.

2.   Appeal and Error.—In action against express company for value of trunks destroyed by fire, wherein defendant contended that it did not receive trunks for transportation, instruction requiring jury to believe that trunks were so received for transportation by express company, and otherwise to return a verdict for defendant, held not prejudicial as to defendant.

3.   Trial.—Purpose of instructions is to present issues made in pleadings to the jury, and all parties are entitled to have their side of case properly presented.

4   Carriers.—Claim against express company for value of trunks destroyed by fire while in depot, made to agent acting as such both for railroad nad express company, held sufficient, though agent took matter up with railroad company instead of express company.

ASHER & SHEHAN for appellant.

C. B. SPICER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On a former trial of this case the jury returned a verdict for $1,000, but, upon appeal to this court, the judgment was reversed on account of errors in the instructions. 213 Ky. 736, 281 S. W. 980. On the last trial the jury returned a verdict for $673.76. Appellant is here complaining that it did not have a fair trial because the court gave erroneous instructions; refused to give proper instructions; because the jury returned a verdict flagrantly against the weight of the evidence; and because the court allowed the admission of incompetent evidence to its prejudice.

The suit was instituted by Ran McGee and his wife, Dixie McGee. They resided in Lynch, Ky., and were members of the negro race. They were moving to Erksdale, W. Va., near Charleston in that state. On November 6, 1923, Ran McGee had his household goods, a certain box, and two trunks sent to the depot of the Louisville & Nashville Railroad Company in Lynch for the purpose of having them transported to Charleston, W. Va. On the same afternoon the household goods were loaded into a freight car, and the box sent towards its destination by express. The two trunks were not sent out of the depot on that afternoon or the night of that day, and before morning the depot was destroyed by fire, and the trunks and their contents were consumed. Appellees, in their suit, alleged that the value of the trunks and their contents was $2,200, and, in his testimony, Ran McGee submits an itemized statement of the contents of the trunks, with a valuation on each item. According to his appraisal, the value of the goods was as much as $2,200. The appellant resisted payment on the ground that it never received the trunks for transportation. That, aside from the value, is the only issue in the case. It is contended by appellant that appellees left the trunks in the depot in the custody of the railroad company, with the intention of having them remain there until early on the morning of the 7th, when appellees were to board a train for Charleston. It is the contention of appellant that appellees intended to carry the trunks with them on the train as personal baggage.

On the other hand, the appellee Ran McGee testified that he and his wife had no such idea. He testified

that he delivered the trunks to the agent at the depot on the afternoon of the 6th, with specific directions that they should be sent by express, and he further testified that the agent agreed that they should be so sent on that day.  He is corroborated by other witnesses, but contradicted by the agent.  The agent of the express company and of the railroad company was one and the same person.  Reasons were advanced in the testimony of appellees why the trunks were not shipped on the afternoon of the 6th along with the box which was shipped on that day.  It was necessary to repack the things in the box, and, for that reason, so it is explained by appellee Ran McGee, the shipments did not go off together.

As to whether the express company received the trunks to be shipped by express, or whether they were left in the depot, to be carried with appellees next day as personal baggage, was a question for the jury on the conflicting evidence introduced.  The evidence is sufficient to support the verdict of the jury.

Counsel for appellant do not think the first instruction was sufficient, and for that reason they argue that it was erroneous and prejudicial.  The basis of their argument is that it did not present the defense of appellant. For that reason they say that an instruction offered by them should have been given, as the instruction offered presented the defense of appellant.  It is insisted that the defense of appellant was based on its contention that the trunks were delivered to the railroad company, and not to the express company, and that there should have been an affirmative instruction given directing the jury to return a verdict for appellant, if it believed from the evidence that the trunks were delivered to the railroad company to be kept in the depot until next morning, when appellees would reclaim them for transportation as a part of their personal baggage.

We find ourselves wholly unable to agree with the contention of appellant.  The one issue was whether the trunks were delivered to appellant.  Its defense was that it did not receive the trunks for transportation.  The court by the instructions allowed the jury to return a verdict against appellant only if it believed from the evidence that the trunks were received for transportation by appellant, and the instruction went further, and told the jury, that, if it did not so believe, it should return a ver-

dict for appellant. Appellant was not prejudiced by this instruction. Postal Telegraph Cable Co. v. Young, 172 Ky. 576, 189 S. W. 707. It is true that the purpose of instructions is to present the issues made in the pleadings to the jury, and it is also true that all parties are entitled to have their side of the case properly presented to the jury. L. & N. R. R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196. In this case the issue made by the pleadings was whether appellant received the trunks for transportation. Appellees claimed that it did, while appellant claimed that it did not. This issue was submitted to the jury by proper instructions. As the instructions given by the court properly submitted the issues to the jury, there was no error in the refusal of the court to give the instructions offered by appellant.

It is urged by appellant that the evidence does not show that any claim was made for the loss of the goods by appellees within the time prescribed by the usual contract of shipment. It must be remembered that the agent for appellant was also the agent for the railroad company, and it is admitted by counsel for appellant that, if a claim was filed by appellees with that agent, it was a filing with appellant. Ran McGee testified that he made claim for the loss and that he filed it with the agent at Lynch, and there is considerable correspondence introduced as evidence in the record tending to support him in that contention. Before the appellant should be allowed to escape liability on this ground, the proof should show that no claim was made on appellant for the loss of these goods. We are satisfied from the evidence that claim was made for the value of the goods. If the agent took the matter up with the railroad company instead of the express company, appellees cannot be held responsible for his error, or, if appellees took the matter up with the railroad company, they would not thereby be precluded from making claim against the appellant, if their claim was seasonably made, and we think it was.

We cannot agree with the contention of appellant that there is no evidence of a substantial nature supporting the verdict of the jury. The claim made by appellees in their petition is large, but two juries have heard the evidence, with the results above indicated. Litigation should be ended as soon as it is possible to bring

it to an end without prejudice to the substantial rights of either of the parties. On the whole case, we are unwilling to say that the substantial rights of appellant have been prejudiced.

Judgment affirmed.