CASE 28—PETITION ORDINARY—OCTOBER 17.

## Rogers v. Felton, Receiver.

APPEAL FROM SCOTT CIRCUIT COURT.

1. PLEADING—INSUFFICIENT DENIAL.—In this action against a railroad receiver to recover damages for the negligent killing of plaintiff's horses by defendant's cars an answer denying that the killing was done "through the carelessness or negligence of defendant to the damage of plaintiff" admits, when strictly construed, that the killing was done carelessly or negligently, and would have been bad on demurrer.

2. A DEFECT IN A PLEADING IS CURED BY VERDICT when the verdict can be fairly considered as establishing between the parties the very fact which should have been, but is not, precisely averred in the pleading, and especially so when it clearly appears that the particular fact was understood by the parties to be the point in issue to be decided by the jury.

In this case, as the issue submitted to and tried by the jury was whether or not the killing was done negligently or carelessly, a verdict for defendant cured the defect in the answer.

Rogers v. Felton, Receiver.

J. C. B. SEBREE FOR APPELLANT.

1. The motion for judgment notwithstanding the verdict should have
    been sustained. The answer in effect admits the negligence and
    merely denies the damage. (Civil Code, sec. 126; Newman's
    Pleading and Practice, p. 511.)
2. The remarks of the court upon the merits of the case, which were
    made in the presence of the jury, were in effect a peremptory in-
    struction to find for defendant, which was not authorized by the
    evidence.

R. E. ROBERTS FOR APPELLEE.

1. The answer of appellee denies specifically the careless or negligent
    killing, which was the only material allegation appellee was
    bound to answer.
2. If the answer was indefinite or uncertain the remedy of appellant
    was by motion to make it more specific, and. as he went to trial
    without making such a motion the defect, if any, was cured.
    (Newman's Pleading and Practice, 739; 7 B. M., 327.)
3. The judgment was such as the pleadings and evidence united de-
    manded, and the objections, urged after the close of the trial,
    came too late. (Simmons v. Sisson, 26 N. Y., 264.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant sued the appellee, receiver of the Cincin-
nati, New Orleans & Texas Pacific Railroad, alleging that
the agents and employes of the road carelessly and negli-
gently ran its cars over and killed two of the appellant's
horses, of the value of $100.

The appellee answered and admitted the killing, but de-
nied that it was done "through either the carelessness or
negligence of defendant, his agents or servants, and to the
damage of the plaintiff in the sum of one hundred dollars,
or in any other sum."

No demurrer was filed to this answer, and upon the issues
supposed to be formed by it a trial was had which resulted
in a verdict for the defendant. Thereupon the plaintiff
moved for a judgment in his favor notwithstanding the ver-

dict, which, however, the court overruled, and rendered a judgment in accordance with the verdict.

The overruling of this motion forms the chief ground of the plaintiff's complaint on this appeal, and we shall consider it presently. He also complains that after giving substantially the law of the case to the jury, the court added: "There is no proof offered in this case by the plaintiff to rebut the statement of defendant's witnesses as to how this killing occurred."

It is insisted by the appellant that this was equivalent to a peremptory instruction to find for the defendant, and we are inclined to think the same way. We are also convinced that such an instruction might properly have been given in this case. The killing was admitted by the defendant, and thereupon the presumption of negligence arose, but that was fully rebutted by the testimony introduced by the defendant, consisting not only of the statements of the engineer and fireman on the train, but also of the evidence of witnesses other than those in charge of the train.

The plaintiff introduced no proof as to the killing, and the court only stated the truth when saying that the plaintiff had not offered any testimony to rebut the proof of the defendant. Upon the evidence, therefore, the verdict could not have been otherwise.

The other question is of a somewhat more serious nature. The answer affords a clear instance of bad pleading. Strictly construed it admits that the killing was done negligently or carelessly, but not "to the damage of the plaintiff." A demurrer to it must have been sustained, because no inferences can be indulged in to its advantage. But after verdict a different rule prevails.

As said in Daniel v. Holland, 4 J. J. M., 18, "the sensible and practical rule is that a declaration will be good after ver-

dict if it contain allegations from which every fact necessary to maintain the action *may be fairly inferred.*" This is, of course, equally applicable to a case where the answer does. not state or defectively states a defense.

In Wilson v. Hunt's adm'r, 6 B. M., 379, it was said: "When the verdict can be fairly considered as establishing between the parties the very fact which should have been, but is not precisely averred in the declaration, and especially when it clearly appears that the particular fact was understood by the parties to be the point in issue to be decided by the jury, it would be unnecessary for the ends of justice, and would be more than useless, to remand the case that it should again be presented for the consideration of the jury."

The issue tried in this case was whether or not the killing was done negligently and carelessly. The killing was admitted, as was also the value of the stock, it was conceded that it belonged to the plaintiff, and the only issue left was the one submitted to the jury by the court, and that was touching the alleged negligence of the agents and employes of the defendant. The verdict settled that issue, and that alone between the parties, and must be regarded as curing the defective allegations of the answer.

Judgment affirmed.