Case 4—MOTION—October 9.

# Davis v. Day's Adm'x.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. Appeals—Costs—Transcript—Duty of Circuit Clerk as to Copying.—It is the duty of a Circuit Clerk to make a single transcript of such parts of a record, for the purposes of an appeal, as may be called for in the schedules filed by the parties, and the appellant must pay the cost of the transcript as a whole, including the parts called for in the schedule of the opposite party; but where the transcript filed in this court by the appellant contains only that part of the record called for in

Davis v. Day's Adm'x.

his schedule, and it is apparently sufficiently complete to present the question involved on the appeal, the appeal will not be dismissed.

OTTO WEHLE AND MAXWELL DAVIS FOR APPELLANT.

1. The transcript filed by the appellant contains enough of the record to enable this court to determine the single question of law involved on the appeal.

2. When an appellant takes an appeal on a partial record, he does so at his peril; and if it appears that portions of the pleadings or evidence bearing upon the questions have been omitted the judgment will be affirmed.    (Terrill v. Rowland, 86 Ky., 67; Brashfield v. Burgess, 88 Ky., 176.)

3. But if the court should determine that appellant should pay for the part of the record desired by appellee, the appellant having taken the appeal on the partial record in good faith, the court should not dismiss the appeal, but direct the additional portion of the record to be filed.  (Bush v. Lisle, 86 Ky., 504.)

C. B. SEYMOUR FOR APPELLEES.

1. An appellant who seeks to prosecute an appeal on a transcript containing less than the whole record must file one containing all parts thereof called for in both schedules; and having failed to do so, his appeal must be dismissed under the provisions of section 740 of the Civil Code.

2. The personal representative of a decedent is entitled to legal advice at the expense of the estate, and a lien-holder's claim can not deprive the personal representative of an allowance for such legal services, and the judgment should be affirmed as a delay case.

ANTON KUTZLEB OF COUNSEL ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

This  case is out on a motion by the appellee to dismiss the appeal because the appellant failed to file the transcript within the time provided by law, and on the further motion (the first failing) to affirm  as  a  delay case.

It appears from the transcript before us, and which

embraces a part only of the entire record, that upon the rendition of the judgment below the appellant filed a copy of it in the office of the clerk of the Court of Appeals, and was granted an appeal from so much thereof as allowed appellee, as administratrix, $300 as a preferred claim for the fee of her attorney in her suit to settle the estate of her deceased husband.

It appears, as may be stated here, that her husband died intestate, heavily indebted, and leaving no personal estate beyond the statutory exemptions. His real estate was encumbered by a mortgage to the appellant and others for more than its value; hence if the fee of the attorney for the administratrix is to be allowed as a preferred claim its payment falls on the lien holders.

After filing this copy here the appellant, desiring to file a transcript of a part only of the record, filed in the office of the clerk of the inferior court a schedule of such portions as he desired copied and gave notice as required by law (Civil Code, section 737, subsection 7a). Thereupon, and within the time fixed by the succeeding subsection of the Code, the appellee, Day, filed in the same office a schedule of such parts of the record as she desired copied.

The clerk appears to have copied and delivered to appellant the transcript which his schedule called for, and this the appellant has filed here within the time allowed. He also copied the parts of the record called for in the schedule of the appellee, but neither party being willing to pay for it, it remains in his office. Hence this motion to dismiss.

Manifestly it was the duty of the clerk below to have made a single transcript of such parts of the record as were called for by the two schedules accompanying it with a single certificate.

Subsection 12, section 737, provides that "at the close of the transcript the clerk shall certify in substance that it contains a true and complete copy of the record, or of such parts thereof as he may have been required to copy, according to the truth, and shall append an in-dex, referring consecutively to the pages on which the copy of each pleading or other separate part of the record commences, and describing briefly the exhibits, if any."

Clearly, by the language "such parts thereof as he may have been required to copy according to the truth," is meant such parts as have been "required" by both parties, if in truth they both required parts of the record. A single transcript is contemplated and a single certificate.

Had this been done the appellant must have paid the cost of the transcript as a whole before obtaining it to file for the purposes of his appeal. In this case, however, we have seen that the appellant in fact obtained a transcript of such parts of the record as he directed to be made, and this partial record apparently is sufficiently complete to present the single legal question involved on the appeal. Whether it is or not the appellant takes the risk. On final hearing if it is thought to be otherwise, the judgment will be affirmed.

To the objection that under this construction an appellee may, by filing his schedule, require the appellant

to pay for parts of the record foreign to the issues raised on the appeal, it is sufficient to say that an application to the judge of the court rendering the judgment may be made and a schedule obtained for only necessary parts of the record.

The provision for such a schedule does not seem to have been repealed, subsection 1 of section 737 directing that the "clerk of the court rendering a judgment shall copy the entire record, or parts thereof, according to the directions of the judge of the court or of the parties to the appeal," etc.; or, if unnecessary parts of the records are copied at the instance of an appellee, he will be liable for the costs resulting therefrom.

We have seen that the appellant is here with a record which is apparently sufficient for the purposes of this appeal. At any rate nothing now appears to the contrary. If other parts of the record are shown to be pertinent, a rule may be awarded. The motion to dismiss is, therefore, overruled.

As the question raised on the merits of the appeal seems not to have been determined heretofore by this court, the motion to affirm as a delay case is likewise overruled.