.CASE 69.—ACTION BY D. W. CARRAWAY AGAINST THE KEN-
TUCKY SHOE MANUFACTURING COMPANY.—
February 4, 1910.

# Kentucky Shoe M'f'g Co. v. Carraway

Appeal from Lyon Circuit Court.

J. T. HANBERRY, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Judgment—Judgment Notwithstanding Verdict—Action for
Wrongful Discharge.—If a servant was wrongfully discharged,
he could recover nominal damages at least, though his peti-
tion failed to allege that he had attempted to secure other
employment after his discharge, and a motion for judgment,
notwithstanding verdict, was properly denied, especially where
the defect in the petition was cured by proof that he had
made such effort, and by the verdict.

2. Master and Servant—Action for Wrongful Discharge—Evi-
dence.—In an action by a servant for wrongful discharge,
evidence held, to support a finding that plaintiff was employed
by defendant, through its foreman, to work for it for one
year at $15 a week at least, but that, though competent, he
was discharged before the expiration of the term without his
consent, and made some effort to find other employment,
which he was unable to secure.

3. Pleading—Action for Wrongful Discharge—Pleading—Defects
Cured by Proof and Verdict.—In an action by a servant for a
wrongful discharge, an averment of the petition, "but he has
not been able to obtain employment after defendant's violation
of its contract with him," while not technically sufficient as an
averment that plaintiff made any effort to obtain other em-
ployment after his discharge, was but an imperfect allega-
tion which the pleader upon motion to make more specific
could have corrected, and where such motion was not made,
and objection to testimony of plaintiff as to his efforts to

secure employment, was not placed on the ground of the defective allegation, the admissibility of the evidence of such efforts was not error; the defect in the petition being cured by verdict.

4. Pleading—Defects—Cure by Verdict.—A petition or answer will be good after verdict if it contain allegations from which every necessary fact may be clearly inferred.

M. P. MALLORY and EDWARD H. JAMES for appellant.

NEWTON W. UTLEY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee sued in the court below to recover for the alleged violation of a contract, whereby, it is claimed, the latter, through its superintendent Goodhue Jones, employed him to work for it a year, beginning February 1, 1908, as foreman of the lasting department of its shoe manufactory at Eddyville, Ky., at the price of $15 per week during the month of February, $17.50 a week during the month of March, and $20 per week the remainder of the year ending January 31, 1909. It is alleged in the petition that appellee, on February 1, 1908, entered in good faith upon the performance of the contract in accordance with its terms and continued in appellant's service as foreman of its lasting department until March 7, 1908, on which day it, without right, discharged him from its employment, only paid him for his work down to that time at the rate of $15 per week, and refused to pay him any more; that in entering appellant's service under the contract mentioned "he declined offers of profitable employment elsewhere, but has not been able to obtain employment after defendant's said violation of the said contract with him." The appellant's answer contained a traverse of the averments of the petition and specifically alleged that

Goodhue Jones had no authority from appellant to make the alleged contract relied on by appellee, and did not in fact do so, but only employed him for an indefinite time and with the right reserved to discharge him at any time, with or without cause. All affirmative matter in the answer was controverted by reply. The trial resulted in a verdict and judgment in appellee's favor for $200. Before entry of judgment appellant moved for judgment in its behalf notwithstanding the verdict, but the motion was overruled, and it then filed motion and grounds for a new trial which was likewise overruled. Exceptions were taken by appellant to these rulings and the judgment, and an appeal granted.

The motion for a judgment non obstante veredicto was based on the claim that the petition failed to allege that appellee made any effort to secure other employment after his discharge, and that such failure entitled appellant to a judgment on the pleadings. Manifestly, this contention is unsound, for, if it be conceded that the petition is defective in the particular claimed, appellant's alleged violation of the contract declared on in wrongfully discharging appellee from its service before the expiration of the period of his employment, all of which is sufficiently set out in the petition, entitled him to nominal damages in any event. So, in this view of the case, to say nothing of the rule that the defect in the petition should be regarded as cured by the proof and verdict, the action of the court in overruling the motion for a judgment non obstante was not error.

Though apparently more numerous, the grounds for a new trial contain but three complaints of error: (1) That the verdict is not supported by the evidence; (2) that incompetent evidence was admitted

on the trial; (3) that the jury were not properly instructed. Our examination of the evidence found in the record compels us to reject the first ground of complaint. That of appellee strongly conduced to prove that appellant's superintendent, Goodhue Jones, had authority to contract with appellee as alleged in the petition, and that he did employ appellee as foreman of the lasting department of appellant's shoe manufactory for the time and upon the terms claimed in the petition. It is true that Jones in his deposition denied that appellee was employed for a specified time, and stated that he was to receive only $15 per week while in appellant's service, and that he (Jones) had the right to discharge him at any time, yet he admitted that he employed appellee to begin work February 1, 1908, and that he had authority to do so. He also admitted that appellee was a competent man for the work he was employed to do, and that when he (Jones) quit appellant's service, which was some time in February, 1908, appellee was still at work for appellant as foreman of the lasting department under the contract of employment he had made with him. Jones was succeeded as superintendent by Lesser, who discharged appellee from appellant's service for no other reason than to give the position to another. Both Jones and Lesser repeatedly declared appellee to be a competent and skilled man while he was at work in the shoe manufactory, which declarations were made to the witnesses Bruner, Glenn, and Freer. These witnesses were also told, in effect, by Jones that he had employed appellee for a year. This was denied by Jones in his deposition when asked as to his statements to Bruner, Glenn, and Freer, in laying the foundation to contradict him by them; this testimony

having been permitted to go to the jury to affect his credibility. In brief the evidence for both appellant and appellee was conclusive of the facts that Jones had authority to employ appellee even for a year and to agree with the latter as to the compensation he was to be paid for his work, and that appellee's dismissal from appellant's service was not because of incompetency, inefficiency, or other fault of his.

The evidence was conflicting only in respect to the terms of the contract between Jones and appellee as to the latter's employment. They being the only witnesses on that point, the jury had to accept the testimony of one of them, and the fact that Jones was largely discredited by the testimony of Bruner, Glenn, and Freer doubtless led to the jury's acceptance of appellee's version of the contract; hence they found that his employment was for a year's service to be rendered appellant, instead of for an indefinite period, to be terminated at the will of Jones or Lesser, his successor. Appellee also testified at length as to the efforts made by him to get other employment after his dismissal from appellant's service. Being skilled in the work of manufacturing shoes, and unskilled in any other occupation, it was but natural that appellee should first try to get employment in a shoe manufactory, and this, according to the evidence, he did by applying to such a manufactory at Kuttawa, but failing there he wrote several shoe manufacturers with a like result, and finally, at considerable expense, made a trip to a shoe manufactory in Missouri with the expectation of securing work, but without success. During these attempts to find employment appellee attempted, with his father-in-law, to raise a crop on a little farm owned or rented by the latter; but as the season was far advanced when he

undertook this work, and he was inexperienced in farming, he made practically nothing. There was, therefore, evidence from which the jury were authorized to find that appellee was employed by appellant, through its foreman, to work for it a year, at least, at $15 per week; that, though competent and efficient, he was discharged before the expiration of the term, indeed within a month and seven days of his employment, without his consent; and that he made some effort at least to find other employment, which he was unable to secure. These facts, it would seem, entitled appellee to recover the amount of the wages he would have earned under the contract with appellant, from the time he was discharged to the end of the year for which he was employed, to be credited by any amount he earned at other employment, after such discharge and during the remainder of the year, or that he could have earned by the use of ordinary diligence to get other employment during the same time.

The instructions that were given by the trial court so aptly express the law on this and all other aspects of the case that we perceive no just ground for the objections made to them by counsel for appellant. The alleged incompetent evidence of which appellant complains is that part of appellee's testimony as to his efforts to obtain other employment after his discharge by appellant. The complaint rests upon the theory that it is not alleged in the petition that appellee made any effort to obtain other employment. Therefore, the introduction of evidence to prove such efforts were made was unauthorized. As previously stated, the averment of the petition on this subject is: "But he has not been able to obtain employment after defendant's violation of

its said contract with him." Technically speaking, the averment does not measure up to the rules of correct pleading, yet it is more than a mere conclusion of the pleader as its language implies an effort, as well as inability on his part, to obtain employment. It is an imperfect or defective allegation, which the pleader upon a motion to make more specific could have corrected and made good, but as such motion was not made by appellant, and it does not appear from the record that its counsel, in objecting to the testimony introduced by appellee to show his efforts to procure employment, made it known that the objection was because of the defective allegation in question, we are unwilling to hold that the court erred in allowing the testimony in question to go to the jury. In other words, the defect in the petition was one that could be and was cured by proof and the verdict.

As said in Drakesboro Coal, Coke & Mining Co. v. Jernigan, 30 Ky. Law Rep., 477, 99 S. W. 235, quoting with approval Newman on Pleading & Practice: "The verdict will not only aid a defective allegation, but it extends sometimes even to cure an omission altogether to make a necessary allegation. Where there are defects or imperfections in the pleading, yet the issue joined is such as necessarily requires on the trial the proof of the facts defectively or imperfectly stated, or even omitted, and without which it is not reasonable to presume that a jury would have given a verdict for the party, such deficiency is cured by the verdict." The sensible and practical rule is that a petition will be good after verdict if it contain allegations from which every fact necessary to maintain the action may be fairly

inferred. This rule, of course, is equally applicable to a case where the answer does not state, or defectively states, the defense. Rogers v. Felton, 98 Ky. 150, 32 S. W. 405, 17 Ky. Law Rep. 724; Wilson v. Hunt's Adm'r, 6 B. Mon. 379; Daniel v. Holland, 4 J. J. Marsh. 18.

In view of the rule stated, we are of opinion that the verdict in this case should not be disturbed on account of the defective averment in the petition referred to, or because of the introduction of the evidence complained of. If entitled to recover at all, $200, the amount awarded appellee by the verdict, was perhaps as little in the way of compensation as appellant could have expected.

Judgment affirmed.