## Nortonville Coal Co. v. Sisk.

(Decided October 20, 1911.)

Appeal from Hopkins Circuit Court.

Contracts—Agreement to Perform Certain Kinds of Labor—Failure—Measure of Damages.—In an action for damages for breach of contract in failing to pay appellee, who was injured by appellants' negligence, an agreed compensation per month, until able to perform such labor as he was doing when injured, the measure of damages recoverable is the contract price less what the employe earned, or might, by reasonable diligence have earned, in some other lighter employment he was capable of performing.

C. J. WADDELL, JOHN T. EDMONDS for appellant.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellee recovered a verdict and judgment against appellant in the court below for $6,000, damages, growing out of the alleged breach by the latter of a contract it made with him.

It was alleged in the petition that appellee, on January 10th, 1907, while at work as a "shooter" in appellant's mine, sustained through its negligence, permanent bodily injuries which lessened his capacity to earn money; that shortly after he received such injuries he

was preparing to sue appellant therefor, when the latter. by contract with him, compromised his claim for damages by agreeing in consideration of his injuries and promise not to sue it therefor, to pay him $50.00 a month from the time he was injured until he should be able to do the kind of work at which he was engaged when so injured; that appellant, in compliance with its contract thus made with appellee, paid him $50.00 per month until February 1st. 1909, at which time it broke, and has since continuously broken its contract, by failing and refusing to pay appellee the $50.00 per month therein promised, or any part thereof.

It was further alleged in the petition that appellee has never since his injuries were received been able to perform the kind of labor in which he was then engaged, or labor of any kind, except very light labor requiring little strength or endurance; and that he will never again be able to perform such labor as he was engaged in at the time he was injured.

The appellant's answer traversed the averments of the petition and alleged that its general manager, Elgin with whom appellee claimed to have made the contract in question, was without authority to make it. All affirmative matter in the answer was controverted by reply.

Appellee's evidence conduced to prove that he was injured by the negligence of appellant, the contract with the latter, and its breach thereof; and that of appellant conduced to prove the grounds of defense alleged in its answer. It is, however, insisted for appellant that although unable to do such work as that in which he was engaged at the time he was injured, appellee could have done, and can yet do, other work requiring little, if any, manual labor; and that as he failed to prove his inability to secure such work, or any effort on his part to do so the jury should have been peremptorily instructed by the court to find for appellant. This contention is untenable. The mere violation by appellant of the contract, if there was such a contract and it was violated by it, as alleged. entitled appellee to nominal damages. But it does not necessarily follow that because appellant wrongfully violated the contract appellee was actually damaged to the extent of the sum he would have received under the contract. It is admitted by him that he was and is capable of performing light labor requiring little strength or endurance, and shown by the evidence that he performed for appellant since his injuries were sustained some light

service as a deputy marshal; so notwithstanding appellant's violation of the contract, if appellee after its breach secured, or by ordinary care could have obtained, employment at such light labor as he was capable of performing what he earned, or might thereby have earned, should have been deducted from the damages resulting from the loss of the compensation he sustained by appellant's violation of the contract.

As said in the opinion in John C. Lewis Co. v. Scott, 95 Ky. 485:

"If an employe is under contract to perform service for a stipulated time, and is wrongfully discharged by his employer before the expiration of his term of service, he may recover his actual damages. He may recover nominal damages on the mere allegation of the breach of the contract, but it does not follow that because he was wrongfully discharged, and the contract therefore broken he has been actually damaged to the extent of the sum he would have received under the contract. By immediately obtaining more remunerative employment, he may have in fact profited by the discharge. Therefore, in bringing his action, if he has been specially damaged, that is, failed to find employment, or, finding it, is not paid as much as he would have received for like service under the contract, then he must say so, or be content with nominal damages only." Frazier v. Clark et al, 88 Ky. 266.

In the very recent case of Bridgford & Co. v. Meagher, 144 Ky. 479, the facts of which are more nearly akin to those of the case at bar, the same measure of damages was approved.

We understand the principle announced in the cases. supra, to be applicable to the present case. In other words. the measure of damages is the contract price less what the appellee earned, or might by reasonable diligence have earned, in some other or lighter employment he was capable of following. Whitaker v. Dandefur, 1 Duvall, 262; Chamberlain v. McAlister, et al, 6th Dana, 358; Dufficy v. Brennan, 10 R. 637; Kentucky Shoe Mfg. Co. v. Caraway, 136 Ky., 581; Sutherland on Damages, vol. 2, page 474.

It follows from what we have said that the circuit court did not err in refusing the peremptory instruction asked by appellant. It did, however, in our opinion, err, as contended by counsel for appellant, in giving the jury instruction No. 3 containing the measure of damages. That instruction reads as follows:

"If the jury find for the plaintiff, they should only award him such sum in damages. as they may believe from the evidence will be equivalent to $50.00 per month from the date of the contract, if one was made, until such time as he may recover from his injuries sufficiently to enable him to do the kind of work he was doing at the time he was injured, and if they find from the evidence that he has already sufficiently recovered to perform such labor or work, they should only find for him such sum as will be equivalent to $50.00 per month up to the time he so recovered, and if they find for plaintiff in any sum, they should deduct from same, such sums as may have been paid, if they believe that anything was paid him in settlement and compromise of his claim for damages by reason of such injuries."

Manifestly, this instruction fails to conform to the true measure of damages. To make it do so, there should upon a re-trial of the case be added to the last line thereof these words:

"And such further sum, if any, as he may have earned or by ordinary care, could have earned at other or lighter work he may have been able to perform."

Instructions one and two we find to be correct.

Appellant is entitled to prove, if it can do so, that its manager with whom appellee claimed to have made the contract in question, was without authority to make it. This can be done by showing what his authority and powers were as appellant's manager, and not by putting to him, as was done, the leading question, whether he at the time of the alleged contract possessed the authority to make it. Therefore, the court did not err, as contended by appellant's counsel, in excluding the question in this form.

We deem it unnecessary to discuss the other grounds of reversal relied on by appellant's counsel, as they are not in our opinion material. But on account of the error contained in instruction number three, the judgment must be, and is, reversed, and the cause remanded for a new trial and further proceedings consistent with the opinion.