## Bryant v. Stephens, et al.

(Decided May 1, 1917.)

### Appeal from Whitley Circuit Court.

1. Appeal and Error—Record—Omitted Parts of.—While an appellant may bring up so much of a record as he deems necessary to the

determination of the question involved, if it appears that portions of the pleadings or evidence bearing upon the question have been omitted, the judgment will be affirmed.

2.  Appeal and Error—Record—Omitted Parts of.—The transcript not containing the petition, and it being impossible to tell from the schedule and the clerk's certificate whether or not all of the evidence heard pertinent to the question involved has been brought up to this court, it must be presumed that the omitted parts of the record support the judgment.

ROSE & POPE and P. W. HARDIN for appellant.

HENRY C. GILLIS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment of the Whitley circuit court, rendered April 1st, 1914. An appeal was prayed and granted, in the lower court, at the same time the judgment was rendered, but that appeal was not perfected.

On the 29th day of March, 1916, an appeal was granted by the clerk of this court, upon the filing by appellant of a transcript of part of the record. The schedule filed by appellant in the lower court, February 22nd, 1916, directing the clerk of that court to prepare a transcript for the appeal, is as follows:

"The clerk of this court is directed to copy all of the record herein, except that part already copied by H. T. Stephens, for the Court of Appeals herein, except subpoenas, and summons and officers return thereon."

The clerk's certificate at the close of the transcript is as follows:

"I, S. P. Petrey, Clerk of the Circuit Court for the county and state aforesaid, do hereby certify that the foregoing 110 pages of typewritten matter is a true and correct copy of so much of the record as is directed by schedule of defendant to be copied into a transcript for the Court of Appeals in the case of H. T. Stephens, plaintiff v. Absolom Bryant, defendant, as same appears of record and remains on file in my office."

The transcript does not contain a copy of the petition, and we have no way of knowing whether or not it contains all, or only a part, of the evidence that was heard upon the trial, since there is nothing to show what, if any, part of the record had been copied for appellee, H. T. Stephens, as he has filed nothing whatever

herein. While an appellant may bring up so much of a record as he deems necessary to the determination of the question involved, if it appears that portions of the pleadings or evidence bearing upon the question have been omitted, the judgment will be affirmed. Section 737, subsection 5, of the Civil Code; Terrell v. Rowland, 86 Ky. 67, 4 S. W. 825; Courier-Journal Co. v. Cordoza, 54 S. W. 966; Davis v. Day, 100 Ky. 24, 37 S. W. 158; Byrd v. Rose, 44 S. W. 958; Hackney v. Hoover, 67 S. W. 48; Smith v. Berry, et al., 164 Ky. 621, 176 S. W. 17.

Since the petition is not copied into the transcript of the record filed herein by appellant, and since the petition is the basis of the action upon which the judgment resulted in plaintiff's behalf, it is obvious that a portion of the pleadings, at least, bearing upon the question have been omitted from the transcript, and since from the schedule and clerk's certificate attached it is impossible to tell whether or not all the evidence heard, pertinent to the question involved, has been brought up to this court, we must, under the authorities, presume that the omitted parts of the record support the judgment.

Wherefore, the judgment is affirmed.