## Palmer v. Smith.

(Decided July 1, 1924.)

### Appeal from Fayette Circuit Court.

1. Pleading—Amended Petition Held Not to Violate Statute as to Departure.—Where suit was originally one in ejectment, but by amendment to petition plaintiff asked for receivership, settlement

of accounts as between joint owners, sale of property, and other equitable relief, there was no violation of Civil Code of Practice, section 101, providing that party shall not, in a reply or subsequent pleading, depart from cause of action or ground of defense.

2. Pleading—Court Held to have Properly Allowed Amendment to Support Appointment of Receiver.—In ejectment, where defendant claimed undivided interest, and court appointed a receiver, without pleading sufficient to support such relief, held, that court did not abuse its discretion in permitting plaintiff to amend petition, so as to ask for receiver, settlement of accounts, sale of property, and other equitable relief, in view of Civil Code of Practice, section 134.

3. Appeal and Error—Judgment Not Reversed for Error Not Affecting Substantial Rights.—A judgment will not be reversed for error, if upon whole case it does not appear to have prejudiced rights of complaining party, in view of Civil Code of Practice, section 134, and this applies to indefiniteness in judgment as to time of sale of land ordered.

J. A. EDGE and TAYLOR N. HOUSE for appellant.

GEO. B. KINKEAD and ELDON DUMMITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Originally this suit was one in ejectment by appellee, Sarah Smith, seeking to recover possession of a house and lot in Lexington. The original answer was a traverse only. A general demurrer being filed to it, an amended answer was filed averring in substance that at the time of the commencement of this action appellant owned an undivided one-half interest in and to the property described in plaintiff's petition, in fee simple, and that he so owned a one-half undivided interest up to the time of the filing of the answer; that at the commencement of the action he owned a curtesy in the other one-half of the property by virtue of the fact he was husband of the deceased owner of the other one-half. A demurrer was sustained to the answer as amended and time given to further plead. A second and third amended answers were filed. These amendments admitted that Sarah Smith owned a one-half undivided interest in the property. Without a pleading sufficient to support such relief the appellee Sarah Smith moved that a receiver be appointed to take charge of the property and to receive the rents and hold them subject to the further orders of the court. This motion was sustained, and of this ruling complaint is now made. After the order was

entered and the court's attention was called to the fact that the pleadings did not support it, this order was entered:

> "It is now ordered by the court, that the plaintiff, Sarah Smith, be permitted to amend her petition herein, and said amended petition is filed and noted.
> "It is further ordered that R. J. Colbert be appointed receiver herein, and he is directed to act in accordance with the duties prescribed in the order of this court entered herein on the 7th day of May, 1921; and said order is now adopted and reaffirmed."

Before the entry of the last order an amended petition containing averments sufficient to support an order of receivership had been filed. The parties were then again allowed to take proof, which they did. Appellant filed claims against the estate of Julia A. Palmer, the deceased owner of the other one-half interest in the house and lot, and offered proof in support of such claims. They were for improvements on the property, taxes and funeral expenses of Julia A. Palmer. The commissioner, after hearing the proof, made report in writing allowing certain of the claims in favor of appellant and that appellant was the owner of a one-half undivided interest in the house and lot, the other one-half belonging to appellee Sarah Smith. Exceptions were filed to this report and sustained in part and overruled in part and judgment entered directing a sale of the property, which was indivisible, for a division of the proceeds. Appellant objected and excepted to this judgment and prays an appeal therefrom, stating his grounds for a reversal of the judgment as follows:

> "1.  Appellee's original petition is in common law and a plain suit in ejectment and sets up no grounds for relief except possession of the premises and damages for its wrongful detention and asks for no other relief, and the lower court erred in entering an order appointing a receiver and referring the case to the master commissioner for an accounting, and appellee's act in subsequently filing an amended petition asking for a receiver and equitable relief could not make the receivership valid, but left the order appointing the receiver null and void.
> "2.  Appellee's two amended petitions asking for a receivership and an accounting and a sale of the property and division of the proceeds was a de-

parture from her original action and the lower court should have rejected them.

"3. The judgment and order of sale entered by the court was a reversible error in that it is not definite or certain and does not fix any certain time for the sale."

1. Appellant insists that as appellee Sarah Smith amended her petition so as to ask for a settlement of accounts between the joint owners, for a sale of the property and a division of the proceeds and other equitable relief, there was a violation of section 101 of the Civil Code, which provides that a party shall not in a reply or subsequent pleading depart from a cause of action or ground of defense, stated by him in the previous pleadings. In this we think appellant is in error. The appointment of the receiver was prayed in the amended petition, so also was the sale of the property for a division of the proceeds. There was, therefore, no departure in the reply or subsequent pleading. Section 101, Civil Code.

The appointment of a receiver was the only practical way the court could handle a collection of the rents due from the property. It was alleged that appellant Palmer was insolvent and that the plaintiff would be without remedy if he were allowed to collect and appropriate the rents. A trial court is invested with a broad discretion in the matter of allowing the filing of amendments to pleadings by section 134 of the Civil Code, where it is said: "The court may, at any time, in furtherance of justice and on such terms as may be proper, cause or permit a pleading or proceeding to be amended, by adding or striking out the name of a party; or by correcting a mistake in the name of the party or a mistake in any other respect; or by inserting other allegations material to the case; or if the amendment do not change substantially the claim or defense, by conforming the pleadings or proceeding to the facts proved. . . . The court must, in every stage of the action, disregard any error or defect in the proceeding, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Manifestly the trial court did not err in allowing the filing of the amended petition as it led the parties to an issue upon the merits and was in the interest of justice.

2.   The judgment was defective in this, that it was not as definite and certain as it should have been as to the time at which the sale was to be carried out; but it was, in our opinion, substantially sufficient. At any rate it is shown by the record that after the entry of the judgment and before it was superseded the master commissioner, in attempting to carry out the sale, advertised the sale as required by statute, conforming in all respects to the rules upon the subject, and was only prevented from so doing by the supersedeas.

It is our rule to disregard harmless error not sufficient to warrant a reversal of the judgment.   While the proceedings which led up to the judgment in this case are not free from errors, none of them was of such magnitude or substantial nature as to be prejudicial to the substantial rights of appellant.   In some of the cases we have said that although a trial court may commit error, yet if upon the whole case it does not appear to have prejudiced the rights of the complaining party it does not constitute grounds for reversal.   Morgan v. Sparkman, 143 Ky. 27; Petry v. Petry, 142 Ky. 564; Chesapeake R. R. Co. v. Conley, 136 Ky. 601.

We think the case before us is precisely the kind of case to which the Civil Code, section 134, requiring this court to disregard all but substantial errors, should be applied.

Judgment affirmed.