## Clark, et al. v. Burchett.

(Decided July 1, 1924.)

### Appeal from Pike Circuit Court.

1.   Appeal and Error—Presumed Omitted Parts of Record Support Judgment.—Pleadings and evidence omitted from record are presumed to support judgment in view of Civil Code of Practice, section 737, subsection 5.

2. Appeal and Error—Depositions, Pleadings, and Evidence in Another Case Not Considered.—Depositions, pleading, and evidence in another case, printed in record, cannot be considered, where it does not appear how such depositions were made part of evidence in case.

WILLIS STATON for appellants.

STRATTON & STEPHENSON for appellee.

Opinion of the Court by Sandidge, Commissioner —Affirming.

By judgment of the Pike circuit court, rendered on the 30th day of June, 1920, appellee, W. H. Burchett, was adjudged to be the owner of a tract of land referred to in the record as the "John King 100 acre survey," and the appellants, Stonewall Clark, and others, were perpetually enjoined from entering and committing acts of trespass upon it. This appeal is prosecuted from that judgment.

The petition in the case was filed December 11, 1906. By appropriate pleadings the parties, both plaintiff and defendant, claimed to own the tract of land in question, both under chain of title from the Commonwealth and also by adverse possession. Appellee also claimed that one of the deeds in appellants' chain of title was a forgery, while appellants claimed that appellee's deed to the land in question was champertous. A judgment was entered in the case at the May term, 1912, dismissing appellee's petition and adjudging that he take nothing thereby. Shortly thereafter, he filed an action in equity to set aside that judgment and for a new trial of the case upon the ground that the judgment had been procured by fraud. The suit for a new trial was prepared, and at the February term, 1915, the former judgment was declared void and a new trial granted. An appeal was granted from that judgment which was never perfected or prosecuted. The schedule filed after the rendition of the judgment appealed from herein directed the clerk of the Pike circuit court to copy and certify the entire record in the cause for the appeal. The briefs for both appellants and appellee refer to the deeds constituting the chain of title under which the parties respectively claim the John King survey, and no suggestion is made in either brief that these title papers were not filed as evidence in the case. However, these deeds do not appear to be copied in the record. Appellee claims that John

King conveyed the 100 acre tract of land to Louis King April 30, 1887, and that Louis King conveyed it to him August 10, 1889. Appellants contend that John King conveyed the 100 acre tract of land to Hiram Clark before he conveyed it to Louis King and that they have a chain of title through Hiram Clark. Convincing evidence is found in the deposition of Reuben Clark, brother of Calvin Clark and son of Hiram Clark, above mentioned, that the deed from John King to Hiram Clark, one of the deeds in appellants' chain of title, is a rank forgery.

It is a well established rule of this court that where portions of the pleadings or evidence bearing upon the questions to be determind by the appeal have been omitted from the record, we must presume that the omitted parts of the record support the judgment. Bryant v. Stephens, et al., 175 Ky. 367, 194 S. W. 327; section 737, subsection 5, of the Civil Code; Terrell v. Rowland, 86 Ky. 67, 4 S. W. 825; Courier-Journal Co. v. Cordoza, 54 S. W. 966; Davis v. Day, 100 Ky. 24, 37 S. W. 158; Byrd v. Rose, 44 S. W. 958; Hackney v. Hoover, 67 S. W. 48; Smith v. Berry, et al., 164 Ky. 621, 176 S. W. 17. In view of the foregoing rule and the authorities supporting it, and the fact that the title papers constituting the chain of title under which the parties respectively claim the ownership of the 100 acre tract of land in question have not been copied into the record, we must presume that they supported the judgment rendered by the chancellor below.

It is contended by appellants that regardless of the record title of the land in question they acquired it by adverse possession and that the judgment of the court below in not so holding is erroneous and should be reversed. We find, however, that all the evidence upon which appellants rely to sustain their adverse possession claim is found in depositions taken in an old action between appellee, Burchett, and one Calvin Clark, the father of appellants herein, which was instituted in the Pike circuit court in 1886. A copy of the record in that old case constitutes what is called "volume 2" of the record filed here on this appeal. We do not find that the old case of Burchett v. Clark was referred to in any of the pleadings in the action now pending here on appeal, nor do we find that the record or depositions in that old case were ever filed as evidence in the latter case. Hence, we are at a loss to know upon what authority that record

was copied as a part of the record of the case now on appeal here; and, certainly, in the absence of some showing that the depositions in that case were made part of the evidence in this, we would be unauthorized to consider them in determining appellant's adverse possession claim. In the action now pending here on appeal appellants took no testimony tending to establish their claim to the John King 100 acre survey by adverse possession. Hence, we conclude that the contention is without merit.

With reference to appellants' contention that the deed by which appellee became the owner of the John King 100 acre survey was champertous and void for the reason that at the time it was made to him Calvin Clark, the father of appellants, was in the adverse possesion of that tract of land, we find the same circumstances to exist. All of the argument on that question by counsel for appellants is predicated upon the showing made by the pleadings and proof on file in the old lawsuit above mentioned. No proof was taken by appellants in this action to establish that at the time the 100 acre tract of land was conveyed to appellee it was in the adverse possession of Calvin Clark or anyone else. Appellee testified positively by his deposition in this case that when he purchased it the John King survey was not in the adverse possession of Calvin Clark or anyone else. As said with reference to appellants' adverse possession claim, in the absence of a showing by the record in this case that the record in the old case was filed in evidence, we are without authority to consider it in determining the champerty issue raised by appellants.

These things considered, and in view of the fact that the litigation between these parties with respect to the John King 100 acre survey has been pending continuously since 1886, and being of the opinion that it should be terminated some time, the judgment of the lower court is affirmed.