## National Council Junior Order United American Mechanics v. Landrum, et al.

(Decided July 1, 1924.)

### Appeal from Pendleton Circuit Court.

1. **Insurance—Member of. Fraternal Organization Not Suspended where Local Lodge Pays Dues to Funeral Benefit Department.—** Member of fraternal organization was not suspended by his failure to pay his dues, where his local lodge paid monthly assessments regularly to funeral benefit department, which he failed to pay.

2. **Appeal and Error—Insurance—Improper to Join Administrator as Party Plaintiff, but Not Prejudicial.—**In action to recover funeral benefit from fraternal organization, it was improper to join administrator with wife and children as party plaintiff, but not prejudicial, in view of Civil Code of Practice, section 134. .

O. M. ROGERS and OMER C. STUBBS for appellant.

J. J. BLACKBURN and L. M. ACKMAN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The appellant, the National Council Junior Order United American Mechanics, is a fraternal secret organization founded on the lodge plan and incorporated under the laws of the state of Pennsylvania. It is controlled by a national council as a supreme head. and by state councils instituted in the several states, with power to organize and institute local councils. The state council of Kentucky was instituted on March 28, 1894, and it instituted the Knoxville Council No. 137 at Knoxville, Kentucky, on May 15, 1906.

Appellant maintains a department known as the funeral benefit department, for the purpose of providing funeral benefits for deceased members of the order. C. L. Landrum became a member of the order on March 2, 1909, and on September 16, 1911, was regularly enrolled for a funeral benefit of $500.00. He died on

August 6, 1917, and this action was instituted against the order to recover the funeral benefit of $500.00.   The laws of the order contain the following provisions:

"A member who allows himself to become thirteen weeks in arrears for dues shall become suspended without action on the part of this council.'

"Every member suspended for nonpayment of dues, desiring to be reinstated, shall make application in writing, which application shall be referred to a committee of investigation, who shall report as to his fitness to become a member, at the next regular meeting, when a ballot shall be taken, as on all other applications for membership.

"It is hereby provided that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the National Council of the Junior Order United American Mechanics, and the same shall be binding on the order and each and every member thereof and on all beneficiaries of members.

"No council may recover benefits for the death of a member who is in arrears to his council for thirteen weeks at the time of his death or at the time he became sick or disabled, and no such member can place himself in good standing in his council or become entitled to benefits during such sickness or disability by paying up such arrearages in part or in full during the continuance of such sickness or disability."

The application under which the Knoxville Council was admitted contained the following:

"We hereby agree to make no claim on you for benefits upon the death of any brother who is not in good standing in the council at the time of his death. . . . We hereby certify that we have received a copy of the laws governing the funeral benefit department and that the same has been read at a meeting of our council and we hereby agree to comply with and abide by the same, and all amendments subsequently enacted thereto."

Landrum failed to pay his dues regularly, but although he did not pay the lodge his dues weekly or for more than thirteen weeks the local lodge paid the monthly

assessments regularly to the funeral benefit department which he had failed to pay, and on July 17, 1917, he paid the local lodge, and the local lodge accepted, $13.40, which covered all his arrearages, but he had been taken sick on July 15th, two days before this payment was made.   For this reason the national council refused to pay the funeral benefit and this suit followed.   The circuit court gave judgment for the plaintiff.   The defendant appeals.

In the case of the Knights of the Maccabees v. Patton, 179 Ky. 410, the court had before it precisely the question raised here.   In that case, as in this, the member stood suspended without notice if he failed to pay the monthly rate.   He had failed to pay, but the record keeper of the local tent had sent the money on to the parent society and it was held that the dues of the member were paid although they had not been paid by the member himself.   In that case a recovery by the plaintiff was sustained.

The same conclusion was reached in Scheu v. Grand Lodge, 17 Fed. 214.   The conclusion reached in these cases is sustained by the text writers.   See 19 R. C. L. 1273; note 11 Ann. Cas. 540.

Landrum was never suspended by the local lodge and no complaint was made that he was in arrears.   These local lodges are interested in maintaining their membership, for the lodge may lose its standing by the loss of its members, and so it is a very common thing with them all to send on to the grand lodge the dues of members and then to collect the dues from the members afterwards. It would be a very harsh rule to say that though such a custom existed a member should lose his funeral benefit when in fact the money had been paid to the grand lodge as required by the order.   The purpose of the forfeiture provision in these insurance contracts is to secure the prompt payment of the dues to the grand lodge, and when the money has been thus in fact paid, it is not material to the grand lodge whether the money is paid to it by the member or by some one else, for the purpose of the payment of dues is to keep up the fund from which the funeral benefits are to be paid and when the money has been paid into the fund the purpose of the contract has been satisfied.

Complaint is also made that the administrator was joined with the wife and children as a party plaintiff. This was unnecessary and improper, but it was in no

wise prejudicial to the defendant. Section 134 of the Civil Code provides:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

On the whole case there is nothing in the record to the prejudice of the substantial rights of appellant.

Judgment affirmed.