## Thoenis' Administratrix v. Andrews et al.

(Decided October 22, 1929.)

HOWARD M. BENTON and CHARLES E. LESTER, Jr., for appellant.

ODIS W. BERTELSMAN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The only question made on this appeal is that the trial court erred in overruling a demurrer to the answer. Appellant sought a recovery on the ground that the death of her intestate was brought about through the negligence of appellees. The answer grouped the allegations of the petition and denied them conjunctively. Such an answer was held bad in the case of Johnson et al. v. Asher, 105 S. W. 943, 32 Ky. Law Rep. 317. There is a long line of cases holding that such an answer is bad on demurrer.

Appellant filed a demurrer to the answer, which was overruled. After judgment she moved the court to enter a judgment for her notwithstanding the verdict in favor of appellee. This motion was based on the idea that judgment shall be given for the party whom the pleadings entitle thereto, as is provided in section 386, Civil

Code. Defective allegations in a pleading may be cured by the verdict of a jury. Rogers v. Felton, 98 Ky. 148, 32 S. W. 405, 17 Ky. Law Rep. 724.

Appellant contends that, in cases where it has been held that the verdict of a jury cures defects in a pleading, there had been no demurrer to the pleading, and the attention of the court had not been called to the defect. It is her contention that her motion for a judgment notwithstanding the verdict should have been sustained, because she was entitled to a judgment on the face of the pleadings. In making this contention appellant over-looks certain material things. One of them is that the answer contained a plea of contributory negligence. To that extent the answer was certainly sufficient. This court has no knowledge of what issues were submitted to the jury by the instructions. It may be that nothing was submitted other than whether appellant's intestate was guilty of contributory negligence. If the instructions had been made a part of the record, we may have been in a position to determine whether the error of the trial court in overruling the demurrer to certain paragraphs of the answer was prejudicial. The erroneous overruling of a demurrer to a pleading in a case like this would not be prejudicial, unless the error was carried into the instructions. The issues made by the pleadings are what should be covered by the instructions, if there is any proof to support the issues. If the court erroneously adjudged a pleading good, and in giving instructions to the jury based them upon issues the same as if they had been properly pleaded, there could not possibly have been any prejudicial error.

The only error complained of is that the answer grouped allegations of the petition and denied them conjunctively. If, however, the court instructed the jury the same as he would have instructed it if the denials in the answer had been correct, we believe no one would contend that there was error. If appellant desired to have the question presented to this court, the instructions should have been made a part of the record, as we are in no position to determine whether the error in overruling the demurrer was carried into the instructions, without having the instructions before us. It is the general rule that the parts of a record not brought up on appeal will be presumed to support the judgment. Clark et al. v. Burchett, 204 Ky. 153, 263 S. W. 746.

There is another well-settled rule governing this court in the consideration of appeals, and that is that, although it may be shown that the trial court committed error, yet if, upon the whole case, such error does not appear to have prejudiced the rights of the complaining party, it will not be considered reversible error. National Council, Junior Order American United Mechanics, v. Landrum, 204 Ky. 176, 263 S. W. 747; Palmer v. Smith, 204 Ky. 82, 263 S. W. 773. We do not know whether the alleged error of the trial court prejudiced the rights of the appellant, as that could only be determined by a consideration of the instructions.

There is another rule that is well recognized in this connection, and that is that the verdict will cure defective pleadings, unless the defects prejudiced the substantial rights of the adverse party. Drakesboro 'Coal Co. v. Jernigan, 99 S. W. 235, 30 Ky. Law Rep. 477. As we have no means of knowing whether the rights of appellant were prejudiced by the ruling of the trial court on the demurrer, although the ruling may have been erroneous, there is no reason why we should reverse the judgment of the lower court.

Judgment affirmed.