## Walters v. Jenkins' Adm'r et al.

June 13, 1939

Porter Sims, Judge.

Maurice D. Burton for appellants.

Stout & Herdman and Rodes & Harlin for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

James A. Jenkins and Mitchell Jenkins, husband and wife, are appealing from a judgment denying their claim to a homestead in a lot on 12th and Chestnut streets in Bowling Green. This lot was sold under execution in the case of W. Walters v. J. L. Jenkins' Adm'r et al., and after the report of sale had been confirmed appellants entered their plea of homestead which was resisted by the administrator of J. L. Jenkins and judgment was entered adjudging that appellants were not entitled to homestead in the lot. It was adjudged that Mitchell Jenkins was entitled to an inchoate right of dower in the proceeds of the sale of the property and that at her age, as agreed upon by the parties, her right of dower was 4.77 of the proceeds of the total amount realized from the sale of the lot.

Appellants objected and excepted to the judgment and prayed an appeal, but the appeal was never perfected or prosecuted. This judgment was entered on May 30, 1935.

On May 5, 1936, appellants filed a petition in equity for a new trial and for a vacation of the judgment denying them homestead right in the lot referred to. They alleged in substance that evidence of their plea of homestead was heard orally from time to time and after long delay the judgment sought to be set aside was rendered; that they had prepared a bill of exceptions and motion

and grounds for new trial but same had been lost and that plaintiffs could not go to the Court of Appeals with the plea unless the administrator would agree to a stipulation of facts which he had refused to do; that because of the lapse of time since the hearing, the judge had forgotten the facts testified to orally; that the only way they could be granted justice and allowed an appeal to the Court of Appeals was for a new trial to be granted on their plea of homestead and same should be granted because of the fact that no record was kept in the circuit court clerk's office of the filing of motion and grounds for new trial and the bill of exceptions, and no nunc pro tunc order could be entered because the original papers could not be found.

On final hearing a new trial was granted to appellants and they were permitted to take proof and have the matter reheard on the question of their right to a homestead. After additional evidence had been heard on appellants' plea of homestead same was overruled and the judgment appealed from entered.

Appellee Allen Jenkins, administrator of the estate of J. L. Jenkins, has entered motion to dismiss the appeal on the ground that the original judgment was entered in May 1935, and the lower court had no authority to grant appellants a new trial on the ground stated in their petition under Section 518 or 344 of the Civil Code of Practice and the appeal was not prosecuted until August 1, 1938, or more than two years after the original judgment was entered.

Manifestly appellants were not entitled to the relief sought on the grounds alleged in their petition for a new trial under Sections 518 or 344 of the Civil Code of Practice and the court erred in granting the relief sought; however, the administrator did not appeal from the judgment granting a new trial. The motion to dismiss the appeal has been passed to the merits and for the reasons indicated cannot be sustained on the grounds set out in the motion. Possibly a motion to dismiss the appeal on another ground would have merited very serious consideration; however, since that ground has not been urged and the judgment is to be affirmed on grounds presently appearing, it is unnecessary to go into that question.

Counsel for appellants argue in effect that the evidence supports their plea of homestead and that the

court erred in not adjuding them entitled to homestead in the lot in controversy.

The record and former proceedings were before the lower court on the last hearing, but it is stated by counsel for appellants that only a portion of the original record was brought up on this appeal. The original proceeding included the hearing on appellants' claim of homestead. On the record before us it appears that the lot in controversy was once improved with a valuable residence which was occupied by appellants as a home but at some time before the institution of or during the pendency of the original action it was practically destroyed by fire. Appellants moved to a home owned by Mrs. Jenkins. They collected about $4000 fire insurance on the burned building but had made no move to rebuild or reoccupy the lot within more than two years which had elapsed after the house burned. The evidence of appellants is to the effect that they have never abandoned the property for the purpose of a homestead, but that it was their intention to rebuild and again occupy it as a home when they became financially able to do so. Notwithstanding a conflict there is evidence and proven facts and circumstances conducing to sustain the contention of appellees and to support the chancellor's finding.

While the chancellor's finding of fact in equitable actions is not binding upon the appellate court, it should and will be given some weight and will not be disturbed when in accord with the weight of the evidence; or where on a whole the mind is left in doubt concerning the correctness of the chancellor's conclusion. Applying that well established rule, it is apparent that the appellate court would not be authorized to disturb the chancellor's finding in this instance.

Furthermore, and apart from that rule, it is a settled doctrine that in the absence from the record of certain pleadings and evidence, it will be presumed that the omitted portions would support the judgment. See Clark v. Burchett, 204 Ky. 153, 263 S. W. 746; Smith v. Berry, 164 Ky. 621, 176 S. W. 17.

Judgment affirmed.