### Stearns Coal & Lumber Company v. Williams.

(Decided June 16, 1916.)

### Appeal from McCreary Circuit Court.

1. Appeal and Error—Former Opinion.—While an opinion upon a former appeal is conclusive of every question presented therein, it does not preclude the consideration of a question upon a second appeal that was presented for the first time upon the second trial.
2. New Trial—Description of Errors Relied on.—It is not necessary in the motion and grounds for a new trial to describe particularly the errors relied upon. It is sufficient if the particular errors relied upon are therein called to the attention of the court for consideration.
3. Trial—Contributory Negligence—Instructions.—Where upon a second trial appellant presented a clear and distinct defense of contributory negligence, that defense should have been presented by a concrete instruction and it was error to refuse it.

J. N. SHARP and J. P. HOBSON & SON for appellant.

J. B. SNYDER, DENTON & FLIPPIN, H. C. GILLIS and JAMES DENTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is the second appeal of this case. For the opinion on the first appeal see Stearns Coal & Lumber Company v. Williams, 164 Ky. 618, where a statement of the facts as disclosed by the evidence upon that trial will be found. The reasons assigned for reversal there were that the instructions given were erroneous and that the verdict was excessive. The reversal was ordered because of error in the instruction on the measure of damages, and the question of whether or not the verdict was excessive was expressly reserved. The appellee now claims that that opinion precludes the consideration of any other question upon this appeal except the question of excessive damages.

Appellant again relying upon the ground that the verdict is excessive also assigns as error the refusal of the court to give three instructions offered by it upon the second trial that were not offered upon the first. Upon the last trial in addition to the evidence heard upon the first trial appellant introduced the evidence of a Mr. Carter who was appellee's foreman at the time of the accident, and who did not testify upon the first trial, who stated that just before appellee, pursuant to his directions, went upon the pole where the accident occurred, he warned appellee that the wire, from which the electric light current had been turned off, still carried the motor current and instructed him to use insulated pliers while at work on the line; that appellee did not follow these instructions. It is also in evidence for the first time upon the second trial that if appellee had used the insulated pliers the accident would not have occurred.

1.   One of the instructions offered by appellant and refused by the court, while not correct in form, authorized the jury to find for appellant if they believed this testimony. While the opinion upon the former appeal is conclusive of every question presented therein or that should have been presented, except such as were left open by the opinion, it does not preclude the consideration of a question upon this appeal that was presented for the first time by the evidence upon the second trial. This evidence of Carter appeared for the first time on the second trial and presents a defense that was not presented upon the previous trial and appellant is not precluded by the former opinion from raising the question now if he was entitled to an instruction upon

this new evidence not included in any of the instructions given and the question is properly presented by the record.

2. Appellee not only contends that appellant is precluded by the former opinion from raising the question, but that the question is not properly presented by the record. In the bill of evidence three instructions are copied which are therein stated to have been offered by appellant and refused, and to have been the only instructions offered by it. These three instructions are identified in the bill of evidence by numerals, 1, 2 and 3. In the motion for a new trial one of the grounds assigned is that the court erred in refusing to give the instructions offered by appellant, but referred to in the grounds for a new trial by letter, instead of numerals, as in the bill of evidence. Appellee insists that this is not a sufficient identification of the instructions to bring the question before us upon appeal, but we do not think the fact that the instructions offered and refused are referred to in the bill of evidence by numerals and in the motion and grounds for a new trial by letter is material since it clearly appears that one of the grounds relied upon in the motion for a new trial was the refusal of the court to give the instructions offered by the appellant, and the instructions that were offered and refused are identified by the bill of evidence. Neither the reference by numerals or letters was necessary. It is not ncessary in the motion and grounds for a new trial to describe particularly the errors relied upon, but it is sufficient if the particular errors relied upon are therein called to the attention of the court for consideration. L. & N. R. Co. v. McCoy, 81 Ky. 403; Meaux v. Meaux, 81 Ky. 479; Helfrich Saw & Planing Mill Co. v. Everly, 32 S. W. 750.

3. While the rule is now thoroughly established in this state to give instructions presenting in specific and concrete form each party's theory of the case—L. & N. R. Co. v. King's Admr., 131 Ky. 347; Hackworth v. Ashby, 165 Ky. 799; I. C. R. Co. v. Dallas' Admr., 150 Ky. 445.; Peerless Coal Co. v. Coppenhaver, 165 Ky. 198—it is not always ground for reversal to fail to include in the instruction upon contributory negligence the particular facts constituting the defense: Hobson on Instructions, secs. 436, 437 and notes thereto, nor is it ever proper to base an instruction upon particular facts

that constitute only one part of a cause of action or defense, but the instruction should group all the facts constituting the cause of action or defense. Jellico Coal Mining Co. v. Lee, 151 Ky. 53. The instructions given in this case authorize a finding for the appellant only in the event that the evidence for the appellee failed to make out his case. No positive instruction to find for the appellant in any event, except upon a failure of appellee's proof, was given. The theory of contributory negligence was presented only in general terms and as a modification of the instruction presenting appellee's theory of the case, and authorizing a finding for him. Upon the evidence of the first trial this was sufficient, and in fact all that could well have been given, because no well defined and distinct defense of contributory negligence, if any at all, was presented by appellant's evidence. However, by this new evidence upon the second trial referred to above, appellant presented a clear and distinct defense of contributory negligence that should have been presented by a concrete instruction. This was appellant's main defense, in fact its only affirmative defense, and to have denied an instruction clearly submitting this defense to the jury for consideration amounted almost to a denial of appellant's right to have its theory of the case submitted and it was clearly prejudicial. When such a defense is thus presented it is reversible error to refuse an instruction in concrete form presenting the defense, because otherwise the jury is left to decide whether or not the facts proven by the defendant as his defense constitute contributory negligence which is, of course, a question of law for the court and not for the jury. L. & N. R. Co. v. King's Admr., 131 Ky. 347; L. & N. R. Co. v. Shoemaker's Admr., 161 Ky. 752; L. & N. R. Co. v. Crutcher, 135 Ky. 381; Jellico Coal Mining Co. v. Lee, 151 Ky. 53; Pack v. Camden Interstate Ry. Co., 154 Ky. 537.

And although the instruction offered by appellant was not technically correct, it was the duty of the court to prepare and give a proper instruction upon the question. West. Ky. Coal Co. v. Davis, 138 Ky. 667; Western Union Tel. Co. v. Sisson, 155 Ky. 624; Lewis, Wilson & Hicks v. Durham, 144 Ky. 711.

3. The facts of this case are not similar to those in the case of Ky. Utilities Co. v. Searsay, 167 Ky. 840, there being no evidence here that it was impossible or

impracticable to insulate wires, and appellant was not entitled to the instruction offered. to the effect that it was not negligence upon its part to have failed to insulate the wires causing the accident.

4. Appellant also contends that the court erred in refusing to give the offered instruction defining the effect to be given the life tables introduced in evidence. It, however, is not the rule to give an instruction upon this question. Appellant was entitled to have had the court admonish the jury at the time this evidence was introduced as to the purpose for which it could be considered had it then made the request therefor, but it did not do this. I. C. R. Co. v. Houchins, 121 Ky. 526; L. & N. R. Co. v. Irby, 141 Ky. 150.

In view of the fact that another trial is necessary by reason of the error indicated in the instructions, we do not deem it necessary to consider the question of whether or not the verdict was excessive

For the reasons indicated the judgment is reversed for proceedings consistent herewith.