## Patton v. Stegall.

(Decided June 21, 1927.)

### Appeal from Carter Circuit Court.

1. Master and Servant.—In action against employer for injuries to hand of employee in sawmill, petition alleging that servant's hand was caught in saw through negligence of master and fellow servants held to charge negligence in general terms sufficient as against demurrer.

2. Master and Servant.—In action for injuries to employee in sawmill, instruction authorizing verdict against employer if sawyer directed plaintiff to remove piece of timber from near saw, and plaintiff, following directions, was injured by failure of sawyer to exercise ordinary care, held error, where petition merely charged negligence in general terms.

3. Master and Servant.—In action for loss of fingers by minor employee in sawmill, in which petition merely charged general negligence, instruction permitting recovery, if plaintiff was inexperienced, and if sawyer, knowing danger and plaintiff's inexperience, negligently directed removal of piece of timber without warning, held error.

4.  Master and Servant.—In action for injuries to employe in sawmill in attempting to remove piece of timber from near saw, no evidence of employer's breach of duty in directing removal, in failure to instruct employee, or in furnishing defective working place or tools, was admissible under mere allegation of general negligence.

5.  Master and Servant.—Employee, in action for injuries, who desires to rely on provisions of Workmen's Compensation Act (Ky. Stats., sections 4880, 4882), as against plea of contributory negligence, must by his pleading show application of act to his case.

JOHN M. THEOBALD for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Hazel Stegall was 19 years of age when he was injured while working for appellant at his sawmill in Carter county. He lost two of the fingers of his left hand, and his thumb was also injured. His next friend instituted an action for him to recover damages for the injury, and the jury rendered a verdict in his favor for $2,250. The sawmill was in operation, cutting a very large log into lumber. A splinter dropped out of the log and fell near the saw. The sawyer stopped the carriage, and directed Stegall to take away the splinter. He picked up the splinter, and, in some way not fully explained, his had was drawn into the saw, which still continued to revolve after the carriage was stopped, and he thus received his injury.

It is exceedingly difficult to understand from the witnesses just how the injury was brought about. In his petition he alleged that he was inexperienced in sawmill work, and had never worked at a sawmill except a few days, and that at the time of his injury he was working under the directions of the sawyer who was the employee of the appellant in charge of the work. His cause of action is thus stated in the petition:

"He states that on the 25th day of March, 1924, and while employed at said sawmill and by and through the negligence of the defendant, his servants and employees, his left hand was caught in a circular saw and drawn into same, and the two middle fingers of his said hand were cut off and mangled, and his front finger cut and bruised and made stiff, and by reason of same he was made to suffer great physical pain and great mental pain and suffering, and the injury to the said hand lessened his power to earn

money and rendered his hand and fingers ungainly and unsightly, and to his damage in the sum of $5,000.

"He states that the injury as set out above was due to the negligence and gross carelessness of the defendant, his servants and employees, and the said negligence and carelessness was the proximate cause of the said injury and damage."

A demurrer was filed to the petition and overruled. This was proper, as negligence was charged in general terms. Monroe v. Standard Sanitary Manufacturing Co., 141 Ky. 549, 133 S. W. 214; Gaines & Co. v. Johnson, 133 Ky. 507, 105 S. W. 381, 32 Ky. Law Rep. 58.

The first instruction authorized the jury to find a verdict against defendant, if the sawyer who was in charge of the works ordered and directed appellee to remove the piece of timber from near the saw and the appellee, in obedience to said order or direction, undertook to remove said piece of timber, and was injured in so doing because of the failure of the sawyer to exercise ordinary care in the operation and control of said saw, and to control and operate the saw in a reasonably safe and prudent manner so as to prevent injury to appellee. This instruction should have omitted any reference to the orders or directions of the sawyer to appellee to remove the timber, or any reference to his doing so in obedience to said orders or directions; in other words, it should have been an instruction based on the allegation of negligence in general terms. The second instruction does not fit the case and there was nothing in the pleadings which justified the giving of that instruction. This instruction allowed the jury to return a verdict for appellee if he was inexperienced in the character of work in which he was engaged, and had not sufficient age or intelligence to understand the danger, in the event these facts were known to the sawyer in charge of the mill, and if the sawyer knowing the danger negligently directed appellee to remove the piece of timber without any warning or instruction as to the danger. The only allegation in the petition is one charging negligence in general terms, and the second instruction was therefore unauthorized. The case of Monroe v. Standard Sanitary Manufacturing Co., supra, is directly in point. Counsel for appellee cites, quotes from, and relies upon, that case as supporting his contention that his petition was good. To that extent he

is justified by that case but when it comes to the question of evidence and instructions, the case pointedly is against him. It is there said:

"Applying this rule to the case at bar, the plaintiff will be limited in the introduction of his evidence, to such acts of negligence on the part of the defendant, its agents and servants superior in authority to the injured boy, as caused the explosion and its consequent injuries. But no evidence of any breach of duty on the part of the employer, not connected with the doing of the act resulting in the injury, may be introduced" in the evidence. "If the breach of duty relied upon to support a recovery is a failure to provide a safe place wherein to work, or safe and suitable tools with which to work, or to properly instruct the employee, the employer should be advised in the pleadings of this fact."

Under the allegations in the petition no evidence of any breach of duty on the part of the employer was competent. The proof that he was directed to remove the splinter by the sawyer or that he was not instructed in the performance of his duty, or that the place where he was engaged in his work was not safe, or that the tools with which he worked were not safe, should not have been allowed.

The instruction on contributory negligence was proper. Section 4880, Ky. Stats., provides that the Workmen's Compensation Act shall apply to all employers having three or more employees regularly engaged in the same occupation or business, with certain exceptions. Appellant did not come within any of the exceptions. Section 4882 deprives an employer of his common-law defenses if the act applies to him and he has not accepted its provisions. The proof in this case tends to show that the provisions of the Workmen's Compensation Act applied to appellant. There was no plea to that effect. The appellant in his answer interposed the plea of contributory negligence. If appellee desired to rely upon the provisions of the statute, supra, he should have embodied in his reply the allegation that the provisions of the Workmen's Compensation Act applied to appellant.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.