## West v. Butler's Executor.

(Decided March 24, 1933.)

C. C. BAGBY and HENRY JACKSON for appellant.

NELSON D. RODES for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

C. A. West claims that J. L. Butler employed him to advertise and sell at public auction the property known as the "Dillehay Brien Company property," situated in Danville, Boyle county, Ky., and agreed to pay him 20 per cent. of the gross price for which it sold; that he fully executed the contract; that the property sold for $12,000, and by reason thereof Butler is indebted to him in the sum of $2,400. Butler's defense is a denial, but, by an amended answer and counterclaim, he sought to recover of West $500 paid by him on a note theretofore executed by West as principal and himself as surety, to the Citizens' National Bank of Danville, Ky.

The case was tried before a jury. The evidence in behalf of West fully sustains the allegations of his petition, while that for Butler supports his defense. West claims the contract was in parol. Butler asserts that it was reduced to writing, signed and delivered by West. He produced the writing as a part of his testimony. It reads:

"Oct. 17, 1924. In agreement of C. A. West & J. L. Butler of the Farris Sale Oct. 24/24. West is to put on sale for Butler of Dillehay Brick Com-

pany property C. A. West puts on the sale for Butler, on the following terms. West and Butler is to share equally in the expense of sale that is West pays half expense and Butler pays half expense and all over $23,000 Dollars the property brings they are to divide equally.''

A review of the evidence evinces the fact that it is conflicting. Where the evidence is conflicting, as it is in this case, this court is without right to interrupt the verdict of the jury. It is sufficient to support a verdict for either West or Butler. The verdict is conclusive unless some other error affirmatively appears in the record. West contends that the written contract produced by Butler in support of his defense was improperly admitted in evidence. It is his contention that it was incumbent upon Butler to set up in his answer the written contract and thus present it as a defense, and, having failed to do so, it was inadmissible as evidence. The traverse of West's petition presented a general issue. With it so raised it should not be disputed that Butler was entitled to prove, and the evidence was competent to show, the contract between them was reduced to writing and signed by West, and that its terms and provisions disproved the allegations of the petition. Butler in order to defeat his recovery was not confined to parol evidence or the exhibit filed as a part of his pleading. Royer Wheel Co. v. Dunbar, 76 S. W. 366, 367, 25 Ky. Law Rep. 746; Cumberland Tel. & Tel. Co. v. Cartwright Creek Tel. Co., 128 Ky. 395, 108 S. W. 875, 32 Ky. Law Rep. 1357.

The court in its instructions to the jury concisely presented the theory of West as it was alleged and proven. Ordinarily, where the defense is a denial, a converse in form, as follows: ''Unless you so believe the jury will find for the defendants''—is proper and sufficient to present the respective theories of the parties. Louisville & N. R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196; Stearns Coal & Lumber Co. v. Williams, 171 Ky. 46, 186 S. W. 931; Penn Furniture Co. v. Ratliff, 194 Ky. 162, 238 S. W. 393; Thoenis' Adm'x v. Andrews, 231 Ky. 160, 21 S. W. (2d) 250; Louisville & N. R. Co. v. McCoy, 177 Ky. 415, 197 S. W. 801. The instructions should present the issues in as specific, concrete form as possible, leaving to the jury the province of determining the issues of fact from the evidence

adduced. Stearns Coal & Lumber Company v. Williams, supra. The purpose of instructions is to present the issues in the most intelligent form, Louisville & N. R. Co. v. King's Adm'r, supra; American Ry. Express Co. v. McGee, 223 Ky. 681, 4 S. W. (2d) 679; and only those made by the pleadings should be covered by the instructions. Thoenis' Adm'x v. Andrews, supra. The court, instead of giving to the jury an instruction converse to that presenting the theory of West, gave one directing the jury to find for Butler if it believed from the evidence that West agreed to sell the Dillehay property for one-half the net proceeds of sale in excess of $23,000. In effect it is the converse of No. 1, but affirmative in form. It is not disputed that instructions Nos. 1 and 2 aptly and correctly presented the respective theories of the parties as it was presented by the pleadings and supported by the evidence in their behalf. West's criticism of instruction No. 2, in effect and in substance, is of its form, and no more. He offered an instruction directing the jury to regard the written contract which came into the case as a part of the testimony of Butler "only as evidence as to whether or not the verbal contract claimed by plaintiff was made." This instruction did not pertain to the issues made by the pleadings, and is no more than a mere statement of an abstract principle pertaining to specific evidence. The court should not give an instruction on mere abstract point of law, however pertinent or applicable it may be. An instruction is abstract within this rule unless it be made to apply in express terms, either to the duty of the parties or the other facts in issue. Clarke v. Baker, 7 J. J. Marsh, 194. An instruction should not be given when it is calculated to divert by an abstract principle, the attention of the jury from the issues on which their verdict ought to depend. Tate v. Parrish, 7 T. B. Mon. 325; Reed v. Greathouse, 7 T. B. Mon. 558.

West offered an instruction authorizing the jury to return a verdict on the counterclaim asserted by Butler, growing out of the $500 note. He complains because the court refused to give it to the jury. Conceding the correctness of his contention in respect to this instruction, the jury failed to find for West, and there was nothing to offset the $500 admitted due Butler, and therefore West was in no way prejudiced by the failure of the court to direct it to offset or credit its finding

under instruction No. 1, with the $500 counterclaim. The issues made by the pleadings and to which the evidence of the parties was directed, were properly presented by appropriate and concise instructions, and a fair and impartial trial was accorded to West.

.. Therefore the judgment is affirmed.