# Ramsey v. Sharpley.

Jan. 12, 1943.

As Modified on Denial of Rehearing

May 11, 1943.

Waddill, Laffoon & Waddill, and Jones, Keith & Jones for appellant.

Chas. G. Franklin for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellee, Edgar Sharpley, plaintiff below, was permanently injured when struck by an automobile driven by appellant, Mary Louise Ramsey, defendant below, in the city of Madisonville between 6:30 and 7 o'clock A. M. on March 17, 1941. Appellee was a coal loader at a mine located east of Madisonville. On the morning of the accident he arrived at Prichett's Grocery Store located at the intersection of Center and Daves Streets to await the arrival of a fellow workman in whose car appellee customarily rode to work. The store faced Center Street and was 22 feet north of the curb. The car in which appellee had arranged to ride came to a stop on the south side of Center Street directly opposite the store. Appellee thereupon left the store and proceeded to cross the street directly toward the car. Center Street which he was required to traverse is 36 feet wide. Appellant resided several miles east of Madisonville and was driving west on Center Street toward Morton's Gap where she taught school. There is a curve in Center Street 324 feet east of Prichett's Grocery but for the remainder of the distance to the store the street is perfectly straight, and, on the morning of the accident, was unobstructed, except for two cars parked along the curb. The accident oc-

curred near the center of the roadway. The testimony of appellee was to the effect that, when he saw his friend's car stop on the opposite side of the street, he came out of the store, picked up his lunch basket, walked to the curb on the north edge of Center Street, looked both ways, saw nothing coming, and started to walk across the street; that when he was near the middle of the street, he observed appellant's car being driven at a high rate of speed and so close upon him that he was unable to get out of its way. He was corroborated in his testimony by six witnesses who variously estimated the speed of the car from 45 to 70 miles per hour. Appellant testified that she was proceeding west on Center Street and after rounding the curve observed an automobile, which was parked about 100 feet east of the store, start to pull away from the curb. The driver of the car, upon observing appellant, backed to his former position. Appellant passed the car and continued her course, driving to the north of the center line of the street at a speed of between 20 and 25 miles per hour; that as she approached the point of impact appellee suddenly ran from behind a car parked in front of Prichett's Grocery; that when she first saw him he was about 6 feet in front of her; that he turned around to get out of her way when she struck him; that there was nothing that she could have done that she did not do to avoid the accident. She was corroborated to some extent by two witnesses. Appellant admits that she did not give any signal or warning of her approach. The scene of the accident is a closely built up residential section of the city. She testified that she traveled about 20 feet after striking appellee. Other witnesses testified that she traveled about 200 feet before stopping. The uncontradicted testimony shows that appellee was hurled, or carried and thrown, into the air against a telephone pole on the northwest corner of the intersection of Center and Daves Streets, 45 feet distant from the point of the impact, striking the pole 6 or 7 feet above the ground. The weather was cold and clear; the street was dry. Judgment was entered on a verdict awarding appellee damages in the sum of $3,500.

Reversal is sought on the grounds that the trial court erred, (1) in failing to sustain defendant's motion for a peremptory instruction; (2) in submitting to the jury an instruction on the doctrine of last clear chance; (3) in its interpretation of the last clear chance doctrine as expressed in the language used in the instruction; (4)

because the instructions as a whole are confusing, and, (5) in failing to properly present defendant's theory of the case and refusing the instructions offered by the defendant.

In support of the first contention it is urged that appellee was guilty of contributory negligence as a matter of law under the provisions of KRS 189.570, Section 2739g-69s, Carroll's Kentucky Statutes because, in traversing the street, he was not crossing at an intersection or marked crosswalk. KRS 189.570 is in the following words:

"(a) Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection tion shall yield the right of way to all vehicles upon the roadway.

"(b)  *  *  *

"(c)  *  *  *

"(d) Notwithstanding the provisions of this subsection every operator of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing a chlid or a confused or incapacitated person upon a roadway."

To uphold this contention would be to disregard subsection d, supra. Although the statute requires a pedestrian crossing the street between intersections and without a marked crosswalk to yield the right-of-way to vehicles on the roadway, it does not exonerate the operator of the vehicle of liability to such pedestrian if the latter is injured as the proximate result of negligence of the driver, unless the improper crossing by the pedestrian contributes to the cause of the injury and in the absence of which the accident would not have occurred. The proximate and contributory cause of the injury must be determined by the jury under our system of jurisprudence. The evidence of appellant's negligence in the operation of her car was sufficient to support the jury's finding that it was the proximate cause of the accident and that appellee's negligence, if he was negligent, in crossing the street at the place the accident occurred did not contribute to the cause of his injury. That being true,

the court properly overruled appellant's motion for a directed verdict.

We turn to the complaint that the court erred in presenting to the jury the theory of the last clear chance doctrine. It is true, as argued by appellant, and expressed in the case of Jones v. Gardiner, 262 Ky. 812, 20 S. W. (2d) 520, that the doctrine of last clear chance has no application unless the injured and complaining party, by his own negligence, has placed himself in a position of peril and the peril has been, or by the exercise of ordinary care could have been, discovered by the defendant and by the use of the means at hand could have been avoided by him. But that rule does not militate against the application of the doctrine to the facts and circumstances proven in this case. Appellant has contended from the beginning that appellee placed himself in a position of peril by his own negligence, and she will not be permitted to maintain a contrary contention on this point. From the time appellant rounded the curve and was proceeding upon a straight away 324 feet from the scene of the accident, there were only two cars to obstruct her view of appellee, who walked or ran from the store, a distance of at least 37 feet, to the place of the accident; and while she was traveling the last 100 feet only one car, which we must assume was of the usual width, stood between her and a full view of appellee. She testified that she was traveling only 20 or 25 miles per hour and admitted that she saw appellee when he stepped from behind the one car which momentarily or partially obstructed her view during her journey over the last 100 feet. She stated that when she first saw appellee he was only 6 feet away. If she had been that close upon him when she discovered the peril she would have passed him ere he reached the position where he was struck which was at least 9 feet from the place where she admits she first observed him, and, had she been going only 25 miles per hour with her car under control, he could not have been struck with such force as to hurl him, or carry and throw him, against a telephone pole 45 feet distant, contact with which was made 6 feet above the ground. The physical facts demonstrate that if she, as claimed, had been looking straight ahead she would have discovered appellee's peril much sooner than she claims, and it would have been reasonable for the jury to conclude that the discovery was in time sufficient to allow her, with the means at hand, to avoid the accident.

In the case of Dixon v. Stringer, 277 Ky. 347, 126 S. W. (2d) 448, 452, it was said:

> "As there was evidence that the plaintiff walked or ran as much as 20 to 34 feet in full view of the driver (if she had been looking) before being struck, the contributory negligence instruction should be followed by an instruction on last clear chance."

So we believe in this case. There was evidence that the plaintiff walked or ran as much as 31 feet in full view of the driver (if she had been looking) before being struck. Thus it will be seen the contributory negligence instruction was properly followed by an instruction on last clear chance.

We pass to the complaint that the court erred in its interpretation of the last clear chance doctrine as expressed in the language employed in instruction "B", given on this theory of the case. The instruction complained of is as follows:

> "It was the duty of the Plaintiff, Edgar Sharpley, in undertaking to cross Center Street, to exercise ordinary care for his own safety, and even though you believe from the evidence that the defendant, Mary Louise Ramsey, failed in one or more of her duties as outlined in the first instruction, yet if you further believe from the evidence that the said Edgar Sharpley, in crossing Center Street, failed to exercise ordinary care for his own safety, and that such failure on his part contributed to cause the collision with the defendant's automobile to such an extent that but for such failure on his part, it would not have occurred, then you should find for the defendant, unless you further believe from the evidence that before her automobile struck the Plaintiff, Edgar Sharpley, if it did strike him, *the defendant, Mary Louise Ramsey saw, or by the exercise of ordinary care could have seen the said Sharpley far enough in front of her*, that by the exercise of ordinary care, with the means at hand, she could have avoided the injury to plaintiff, but failed to do so, in which latter event the law is for the Plaintiff, and you will so find." (Our emphasis.)

The objection to this instruction is that the court failed to confine the time defendant was required to act under the doctrine to the time the plaintiff was in a position of

292

peril, and, under the instruction given, the jury was required to find for plaintiff, if they believed that at the time appellee walked out of the grocery, which was 22 feet from the crossing, he was far enough "in front" of appellant that with the means at hand she could have avoided the injury although he was not, at that time, in a position of peril so as to put her on notice that an accident might occur. In support of this contention she cites the well established rule set out in Chesapeake & Ohio R. Co. v. Epling's Adm'r, 262 Ky. 609, 90 S. W. (2d) 719, 720, wherein it is said:

> "However, actually seeing the decedent is not the only element to be established; there must be a discovery of his peril."

Likewise Woloszynowski v. New York C. Ry. Co., 254 N. Y. 206, 172 N. E. 471, 472, where it was held:

> "The doctrine of the last clear chance, however, is never wakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril."

In 20 R. C. L. page 141, section 161, it is said:

> "The basis of recovery in this case as in others is the defendant's superior knowledge of the peril."

The instruction appellant contends should have been given is that which was approved in the case of Dixon v. Stringer, supra, which reads:

> "The court instructs the jury that at the time in controversy it was the duty of the plaintiff, Fred Dixon, Jr., in crossing the street, to exercise ordinary care as above defined for his own safety, and if you believe from the evidence that he failed to observe this duty and by reason thereof walked or ran into the path of defendant's car, thereby contributing to bring about his injuries, to such an extent that, but for such failure on his part, he would not have been injured, you should find for the defendant, *unless you further believe from the evidence that after the driver, Mrs. Vaughan, discovered his peril or by the exercise of ordinary care could have discovered it,* she failed to use ordinary care and the means at hand to avoid striking plaintiff, in which latter event you should find for the plaintiff." (Our emphasis.)

For the reader's convenience, we have caused the distinguishing words in the instruction given and that asked for to be italicized. Undoubtedly the instruction in the Dixon case is correct in all cases where it is proper to submit the theory of last clear chance, and it would have been proper in this case; but we are not prepared to say that, under the facts proven, the instruction given was erroneous, or, if erroneous, prejudicial to the substantial rights of appellant, because the evidence shows that when appellant first saw, or by the exercise of ordinary care could have seen, appellee "in front of her" he was in a place of danger, either by reason of being in the street at the time of discovery of the peril, or, at such time, proceeding so intently and directly toward the street as to impress any reasonable mind with the fact that, unless averted by one of the participants, the collision necessarily would occur. That being true, the facts of the case render the instruction proper, or, at least, not prejudicial to appellant. In fact the instruction verbatim, except as to the names of the parties, was approved in the case of Nowak v. Joseph, 275 Ky. 470, 121 S. W. (2d) 939, under facts and circumstances almost identical with those proven in this case.

It is next contended that instruction E was erroneous because it failed to charge the jury that a pedestrian crossing between intersections and without the limits of a crosswalk should yield the right of way to a motor vehicle traveling upon the highway. The instruction given reads:

> "If it is more dangerous to cross a street between intersections than at the intersection, a person so crossing the street should exercise such increased care in proportion to the increased danger as a person of ordinary care and prudence would ordinarily exercise under like circumstances."

This instruction was for the benefit of appellant and was correct in so far as it went. Appellant did not offer an instruction on the duty of appellee to yield the right of way. She therefore cannot complain that the instruction did not set out this duty. If a particular instruction is desired by a party, it must be offered by him in writing. Fidelity & Deposit Company v. Commonwealth, 231 Ky. 346, 21 S. W. (2d) 452, 454, and cases therein cited.

We believe appellant cannot be serious in her com-

plaint that the instructions as a whole are confusing. Instruction A, about which no complaint is made, correctly defines the duties of appellant in the operation of her automobile and authorized the jury to permit appellee to recover, if appellant failed in any of such duties, and such failure caused the injuries sustained by him. Instruction B has been quoted herein and fully discussed. Instruction C is on the measure of damages. Instruction D properly defined negligence and ordinary care about which no complaint is made. Instruction E hereinbefore set out charged the jury in respect to the degree of care to be used by one crossing a roadway at a place other than an intersection or marked crosswalk. Instruction F was the usual instruction concerning a majority verdict applicable to civil cases. The instructions are clear, and, while instruction B would have been in better form had it followed the one approved in Dixon v. Stringer, supra, it was not confusing under the evidence adduced.

The final complaint that the court failed to properly present the defendant's case is based upon a rehash of the argument concerning the last clear chance doctrine and the argument in respect to the duty imposed by the provisions of KRS 189.570, supra, both of which have been disposed of earlier in this opinion, and the further complaints that the court did not set out the specific duties plaintiff owed defendant and did not instruct on unavoidable collision. The argument that a contributory negligence instruction should set out the specific duties of the plaintiff has been settled adversely to the contention of appellant in the case of Dixon v. Stringer, supra. No argument is presented in support of the contention that the court should have instructed on unavoidable collision, and we find nothing in the record to justify such an instruction. "An 'unavoidable accident' is an occurrence which could not be avoided by that degree of prudence, foresight, care, and caution which the law requires of every one under the circumstances of the particular case." Trevillian v. Boswell, 241 Ky. 237, 43 S. W. (2d) 715, 719, and cases therein cited. Irrespective of whether appellee was guilty of contributory negligence, and, irrespective of whether appellant discovered appellee's peril in time to avoid the collision, one thing is certain: Appellant failed in her duty to give timely warning of the approach of the vehicle she was operating. Had she done so the accident could have been avoided. That being

true, she was not entitled to an instruction incorporating the theory of unavoidable accident.

We perceive no error in the record which can be deemed to be prejudicial to the substantial rights of appellant.

Accordingly, the judgment is affirmed.