Mary Spicer **HODGES, Administratrix of the Estate of Charles Franklin Hodges, Deceased, Appellant,**

v.

Wardell **YARBRO et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

Harry H. Boaz, Seth T. Boaz, Jr., Mayfield, Samuel S. Boaz, Paducah, for appellant.

Dee L. McNeill, Hickman, for appellees.

CLAY, Commissioner.

In this suit for wrongful death the jury found for appellee defendants. Plaintiff appellant contends several errors were committed in the course of the trial.

Decedent was employed by defendants as a truck driver. During a regular trip, while stopped at a restaurant on a December night, he was found dead in the cab of his truck. The cause of death was carbon monoxide poisoning.

Plaintiff's claim is based on the alleged negligence of defendants in failing to furnish their employee a safe place to work. There was evidence of a leak in the exhaust pipe or muffler, and the controversy principally involved this alleged defective condition and the knowledge defendants had or should have had concerning it.

An unusual procedural problem was presented. Defendants had pleaded contributory negligence, and there was no reply. Plaintiff sought to avoid this defense by introducing proof that defendants were eligible to operate under the Workmen's Compensation Act (KRS 342.005(1)) and had not so elected. If within the provisions of that statute, they were denied the defense of contributory negligence by KRS 342.410. Defendants contended that since no pleading presented the issue of the availability of this defense, evidence with respect thereto could not be introduced and the trial court properly declined to submit that issue to the jury.

Prior to the adoption of our Civil Rules, the issue of the nonavailability of the contributory negligence defense under KRS 342.410 must have been raised by a reply. Patton v. Stegall, 220 Ky. 674, 295 S.W. 979.

Under CR 7.01 a reply to an answer (which does not assert a counterclaim) is not required and is not allowed except upon order of the court. In CR 8.04 it is provided: "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Though the use of the word "averments" in this sentence suggests that the purpose is to controvert of record the *truth of the allegations* in a pleading, the use of the word "avoided" at the end of the sentence would indicate that the availability of the defense itself is automatically placed in issue when a responsive pleading is not required or permitted (as a matter of right). CR 8.03 may not be invoked as requiring the pleading of this avoidance since it apparently relates to those pleadings authorized by CR 7.01 without a court order. It is therefore our conclusion that the nonavailability of this defense (as distinguished from the evidential issue its averments present) need not be *pleaded* by the plaintiff.

This creates a practical difficulty with respect to the introduction of proof on the question and the possible necessity for a special instruction to the jury thereon. The best practice would be for the plaintiff to raise this issue prior to trial. It may be done in either of two ways. The plaintiff could move the court under CR 7.01 to permit the filing of a reply in which the ground for avoidance of this defense is set forth. In the alternative, the plaintiff could move to strike this defense as insufficient under CR 12.06. Since the judgment in this case is being reversed, this phase of the procedural problem may be obviated by obtaining leave of the trial court to file a reply raising the issue.

During the trial it was not clearly established the defense of contributory negligence was unavailable to defendants. Since there was conflicting evidence on this issue, however, the plaintiff is correct in contending that an instruction should have been given to the jury which would permit them to determine whether defendants had as many as three employees regularly engaged in the same occupation or business. (KRS 342.005(1)) (It would be much better if this question could be disposed of at a pre-trial conference.) We do not approve of the instruction offered by the plaintiff since it does not pinpoint this issue and attempts to put all of the law of the case in one instruction.

Plaintiff contends that other instructions given were erroneous in several respects, and we agree. The jury was instructed that they could find for the plaintiff only if defendants were guilty of *gross* negligence and the deceased employee had "used the highest degree of ordinary care". We know of no justification for these standards of care in this case. Other instructions were inconsistent, and at least one was incomprehensible. On another trial a completely new set of instructions should be given.

An instruction on unavoidable accident may properly be given (see Stanley's Instructions to Juries, Vol. 2, section 602a; Chaney v. Slone, Ky., 345 S.W.2d 484), and ordinary care should be defined.

Complaint is made of comments of the trial judge. Since there will be a new trial by another judge and the occasion for these comments will probably not arise, it is unnecessary to examine them.

To avoid the many errors that crept into this trial, we recommend a pre-trial conference at which the real issues in this case may be clarified.

The judgment is reversed, with directions to grant the plaintiff a new trial consistent with this opinion.