**Lillian BRYANT, Executrix of the Estate of William J. Bryant d/b/a William J. Bryant Sawmill, Appellant,**

**v.**

**Homer CONRAD, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1967.

Damon A. Vaughn, Madisonville, Tommy W. Chandler, Providence, for appellant.

Thomas B. Spain, Mills, Spain & Mitchell, Madisonville, Warren B. Miller, Dixon, for appellee.

EDWARD P. HILL, Judge.

This is an appeal by the defendant from a judgment for $15,459.05, entered pursuant to a verdict by the jury in appellee's action to recover for personal injuries received by him when logs rolled off appellee's truck onto him.

Appellant contends that the evidence for the appellee was insufficient to support the verdict; that no acts of the appellant or his employee were the proximate cause of appellee's injuries; that he was entitled to a directed verdict; that the court erred in its instructions to the jury; and that prejudicial remarks were made by counsel for the appellee.

Before proceeding to the questions presented on this appeal, we briefly review the facts. At the time of his injuries, appellee Homer Conrad, a 30-year-old logger with a third-grade education, was an independent contractor of appellant William J. Bryant, d/b/a William J. Bryant Sawmill, engaged in hauling sawlogs to the latter's sawmill. On February 14, 1963, Conrad drove his 1949 Ford truck loaded with logs onto the sawmill site of appellant. Due to the congestion caused by the loading of another vehicle with lumber, he was required to wait for a time. When the congestion was removed, appellee released the front binding chain from his load of logs and removed a block held with a metal pin. As soon as this was done, he was required to go to the front of his truck for a purpose not important here. While he was at the front of his truck, Dallas Pryor, an employee of appellant who had been operating a mechanical lift, parked his lift some distance away from appellee's truck, went to the side of appellee's truck and removed the rear block and the metal pin that secured it. He threw the block to the ground in the direction of the cab. Whether Pryor also removed the rear chain also holding the logs is not clear from this record, and it is unimportant for the simple reason that if the block had not been removed the logs would not have rolled off and produced the injuries to appellee.

Returning from the front of his truck, appellee walked along the driver's side near the rear wheels intending to remove the chain and block. The front and rear

chains were tightened by a device called a "boomer," and the logs were also secured by two "chock blocks," each of which was wedge shaped and secured by a metal pin. About the time appellee reached the rear wheels of his truck, some of the logs rolled off and caught his arm and leg, resulting in serious, painful, and disabling injuries. It was necessary to amputate his arm between the elbow and the shoulder. He has considerable permanent disability. The evidence is not clear as to what appellee did to the chain or whether he did anything at all to it. He could not remember, which is understandable in view of the extent of his injuries. This one fact is clearly established and is undisputed: Dallas Pryor, without the knowledge of appellee, removed the metal pin and rear block before appellee came around to release the chain. Apparently Conrad did not notice that the block had been removed when he came around to release the chain.

■ A great deal of appellant's first argument questions the sufficiency of the evidence to support the verdict and contends that he was entitled to a directed verdict. He contends that the burden of proof was upon appellee and that he failed to prove acts constituting negligence on the part of Dallas Pryor. Most of the argument related to the indefinite nature of Conrad's evidence as indicated above. It is true Conrad's evidence indicated that he really didn't know what occurred, but one thing is certain, and he so testified, and that is that if it had not been for the removal of the block regardless of what occurred in connection with the chain (that is, whether it was removed by Pryor or interfered with by appellee) the logs would not have rolled off the truck. This was sufficient evidence of negligence to support the verdict. Cf. James v. England, Ky., 349 S.W.2d 359 (1961).

■■ Appellant mingles in his argument the proposition that appellee was guilty of contributory negligence and that appellee assumed the risk when he went to the rear of his truck, a place of danger. Contributory negligence and the assumption of risk, usually one and the same thing, are ordinarily questions for the jury. To find contributory negligence or assumption of risk as a matter of law there must be no substantial contrariety and the facts must show that the plaintiff was guilty of such negligence that the injuries would not have occurred otherwise. There must be but one conclusion that fair-minded men can draw. McCarter v. Louisville & Nashville Railroad Co., 314 Ky. 697, 236 S.W.2d 933 (1951).

■ The main thrust of appellant's argument regarding the question of contributory negligence on the part of appellee is pointed toward the failure of Conrad to observe the removal by Pryor of the block. Appellant has cited cases involving railroad accidents, wherein it is said that the failure of a person approaching a railroad crossing to observe an approaching train constituted contributory negligence where the train was approaching even though the injured person says he looked but did not see the oncoming train. We think such cases are distinguishable from the facts in the present case. Conrad had no occasion to know that Pryor had removed the block, Pryor never having done so on his previous trips. Conrad had a right to assume that it was still there since he was at the front of his truck for only a short time; yet, had he observed he could have readily noticed that the block had been removed. But the process in which he was engaged, that of removing the chain, was somewhat mechanical from habit, and it is understandable that he could have overlooked the fact that the block had been removed. Nevertheless, the question of his contributory negligence from his failure to observe that Pryor had removed the block was one for the jury to determine, and the jury found under proper instruction that Conrad was not guilty of contributory negligence. We are unable to say as a matter of law that the jury was in error.

Appellant's next contention is that the trial court erred in refusing to instruct the jury under the doctrine of assumption of

risk. The court gave a contributory negligence instruction. We have indicated above that contributory negligence and assumption of risk are one and the same. Cf. Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, 85 (1947), wherein it was written:

"The doctrine of "assumption of risk" historically arose under the general law of master and servant, and has for the most part been deemed a matter of contract. In negligence cases the same concept has been generally accepted as contributory negligence. In their legal effect, the two doctrines are identical."

See also the recent case of Parker v. Redden and Melton, Ky., 421 S.W.2d 586 decided June 23, 1967, in which it is stated:

"* * * [T]he pure assumption of risk doctrine, under which the plaintiff is barred even though he acted reasonably, should no longer be recognized or applied, because reasonableness of conduct should be the basic consideration in all negligence cases. So we think that in the instant case Redden's admitted awareness of the risk does not ipso facto bar his recovery; the controlling question is whether he acted reasonably."

The facts of the present case do not show that Conrad acted unreasonably. It is concluded that the trial court committed no error in refusing to give the offered instruction on the assumption of risk.

Neither do we think the trial court was in error in refusing to give an instruction offered by appellant declaring that the accident was unavoidable. "[I]f the accident producing the injury could have been prevented by either person by means suggested by common prudence it is not deemed unavoidable." Stein v. Louisville Water Co., Ky., 249 S.W.2d 750, 753 (1952); 65 C.J.S. Negligence § 21. The evidence of Pryor's negligence was too potent to justify an instruction on unavoidable accident.

Appellant's final contention is that the trial court erred in not declaring a mis-

trial and in not sustaining his motion to dismiss the jury for misconduct on the part of attorney for appellee. This statement was made to the jury by Conrad's attorney: "* * * [Y]ou return a verdict for the plaintiff, let us worry about collection of the money, let us do the worrying about that." Appellant does not contend that there was or was not any provocation for this remark by counsel for appellee. The matter of collecting a judgment based upon the verdict of the jury has nothing whatsoever to do with the trial of the case by the jury. Such remark was impertinent and out of place, but we are unable to say that it was prejudicial. Cf. Droppelman v. Willingham, 293 Ky. 614, 169 S.W.2d 811 (1943), and Ideal Pure Milk Co. v. Whitaker, Ky., 243 S.W.2d 479 (1951).

The judgment is affirmed.

All concur.