Joseph Mark **JOHNSON**, etc., Appellant,

v.

Robert **BREY**, etc., Appellee.

Court of Appeals of Kentucky.

March 7, 1969.

George S. Wilson, III, Wilson & Wilson, Owensboro, for appellant.

Marvin P. Nunley, Clarence McCarroll, Bartlett, McCarroll & Nunley, Owensboro, for appellee.

DAVIS, Commissioner.

In this action Joseph Mark Johnson, a six-year-old boy, seeks damages for personal injuries allegedly caused by the negligence of Robert Brey, a boy who was ten years of age at the time of the accident. We shall refer to the boys as Mark and Bobby.

A jury returned its verdict in favor of Bobby, and this appeal is prosecuted in behalf of Mark asserting three grounds for reversal: (1) A directed verdict should have been given for the plaintiff; (2) the court improperly refused an instruction offered for the plaintiff; and (3) the court erred in giving an "unavoidable-accident" instruction.

Mark and Bobby were playing together in a ditch located in a field in which there were a number of briar bushes. As Mark was crawling through a "tunnel," Bobby held back a branch of a briar bush so that Mark could proceed without injury, but in some unexplained manner released the branch so that it struck Mark and seriously injured his left eye. Mark said he thought Bobby would hold the bush, and Bobby testified that he was holding it to prevent Mark's getting scratched and that he knew the briar bush might hurt Mark. The two boys were the only witnesses as to the facts of the incident, and neither of them offered any theory or explanation as to how or why the briar bush came to be released by Bobby.

■ The appellant contends that since Bobby admitted his awareness of the danger to Mark he was negligent as a matter of law in permitting the bush to spring back and strike Mark. Hence, reasons the appellant, a directed verdict in behalf of Mark should have been granted with the issue of damages only being submitted to the jury. Appellant calls attention to 38 Am.Jur., Negligence, Section 17, Pages 659, 660, respecting the voluntary assumption of duty. We recognize the principle expressed in the cited authority that: "* * * a duty voluntarily assumed cannot be carelessly abandoned without incurring liability for injury resulting from the abandonment." We are not able to say as a matter of law that the mere occurrence of the injury conclusively establishes that Bobby "carelessly abandoned" his voluntarily assumed duty of holding back the branch. We regard the circumstances, considering the ages of the children involved, as supporting a reasonable inference of Bobby's negligence, but do not deem the circumstances are such as to impel a finding of Bobby's negligence as a matter of law. Cf. Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696; Williamson v. Garland, Ky., 402 S.W.2d 80.

■ The trial court refused an instruction tendered for Mark which, after stating that Bobby had a duty to exercise that degree of care in holding back the branch as would be exercised by an ordinarily careful and prudent ten-year-old boy under the same or similar circumstances, provided:

"* * * and, once he had lifted or pulled the limb or branch back, this duty included the duty to continue to hold the same in a careful manner and with due regard for the safety and well-being of Joseph Mark Johnson, so long as said limb or branch presented a condition dangerous to him."

The court instructed the jury in general terms, using this language in pertinent part:

"It was the duty of the defendant, Robert Brey, at the time and on the occasion sued about, to exercise ordinary care to avoid injuring the plaintiff, Joseph Mark Johnson."

The instruction then defined ordinary care as it related to a child of Bobby's age and told the jury that if it believed Bobby had failed to exercise ordinary care and Mark was injured as a proximate result, the law of the case was for Mark. Appellant calls attention to West v. Butler's Ex'r, 248 Ky. 404, 58 S.W.2d 662, for the proposition that instructions should present the issues in as concrete form as possible and should not incorporate a mere abstract principle of law. We recognize the principles enunciated in West and many other decisions of like import, but do not consider them applicable here. The instruction given by the court clearly advised the jury of Bobby's duty to exercise ordinary care. The instruction offered for Mark undertook to specifically define that duty by spelling out in detail the chronology of the duty. We need not determine whether it would have been error for the court to have given the instruction offered for Mark—rather, we must determine whether the instruction given adequately embraced the submissible issue. In our view the instruction given by the trial court fully presented Mark's theory of recovery, namely, that Bobby had failed to exercise the degree of care chargeable to him which resulted in Mark's injury.

■ The court instructed the jury that if it believed from the evidence that the accident was unavoidable it should find for the defendant. In the instruction the court defined "unavoidable accident" as a casualty which occurs without negligence of either party or which could not have been prevented or avoided by the exercise of ordinary prudence. We are unable to discern any basis for such an instruction upon the record before us. As noted, Bobby offered no explanation as to how or why he let the branch strike Mark. In Bryant v. Conrad, Ky., 420 S.W.2d 666, 669, we pointed out that the trial court properly refused an unavoidable-accident instruction because the record demonstrated that the accident producing the injury could have been prevented by the exercise of ordinary care. In Bryant, we cited with approval Stein v. Louisville Water Company, Ky., 249 S.W. 2d 750, and 65 C.J.S. Negligence § 21. In E. P. Barnes & Bro. v. Eastin, 190 Ky. 392, 277 S.W. 578, it was said:

"An unavoidable accident is one from which there is no escape. But an accident which could have been prevented or avoided by the exercise of ordinary prudence is not an unavoidable accident." Id. 227 S.W. 580.

Appellant calls attention to Graham v. Rolandson, 150 Mont. 270, 435 P.2d 263, in which the Supreme Court of Montana re-examined the propriety of an unavoidable-accident instruction and pointed out that the question has presented much difficulty in the various jurisdictions. The Montana court followed the reasoning expressed in Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217, in which the Oregon court concluded that an instruction on an unavoidable accident should not be given in any case. An annotation in 65 A.L.R.2d 20, et seq., contains a detailed review of the varying questions arising from the giving of, or failure to give, instructions on an unavoidable or inevitable accident in motor-vehicle cases. In Sloan v. Iverson, Ky., 385 S.W.2d 178, this court expressed its serious doubt that an unavoidable-accident instruction should ever be given in automobile collision cases. Yet, in Hodges v. Yarbro, Ky., 374 S.W.2d 845, we approved the use of such an instruction, although not in a motor-vehicle collision case. It seems to be reasonably well established that there must be evidence that the incident complained of resulted from some cause other than negligence of one of the parties before an unavoidable-accident instruction is

**538**

warranted. See Williams v. Kirtley, Ky., 263 S.W.2d 119, 121; Ramsey v. Sharpley, 294 Ky. 286, 171 S.W.2d 427; Bybee Bros. v. Imes, 288 Ky. 1, 155 S.W.2d 492, 497; Trevillian v. Boswell, 241 Ky. 237, 43 S.W.2d 715, 719.

Nothing in the evidence warranted the giving of the unavoidable-accident instruction. It was error to so instruct the jury, and we consider it to have been prejudicial error in the circumstances of this case. Mark had the burden of establishing that Bobby's negligence brought about Mark's injuries. The court properly instructed the jury to find for Mark if it believed that Bobby's negligence proximately caused Mark's injuries. The instruction contained the usual converse language directing the jury to find for Bobby "unless it so believed." Mark was incapable of contributory negligence because of his tender age. Williamson v. Garland, Ky., 402 S.W.2d 80. In giving the unavoidable-accident instruction, the court afforded the jury an opportunity to find for Bobby on a ground having no evidentiary basis in the record. In so doing, the trial court committed prejudicial error against Mark. If another trial is had and the evidence is substantially the same as presented on the first trial, the court will not give any instruction on unavoidable accident. We are not called upon to determine whether the anomaly of the unavoidable-accident instruction in general requires another look as to whether the instruction should be abolished, but we do conclude that there was no place for the instruction in the record before us.

The judgment is reversed for proceedings consistent with the opinion.

MONTGOMERY, C. J., and EDWARD P. HILL, MILLIKEN, PALMORE, REED, and STEINFELD, JJ., concur.

OSBORNE, J., dissents.

OSBORNE, Judge (dissenting).

I consider the giving of the unavoidable-accident instruction to be error. However, in light of the circumstances of this case, I do not believe it to be prejudicial. I dissent.