**Phillip L. RINEY, Sr., Appellant,**

v.

**Robert E. WRAY, Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1980.

William S. Bowman, Julian E. Kennamer, Louisville, for appellant.

Chester A. Vittitow, Jr., Louisville, for appellee.

Before COOPER, GUDGEL and LESTER, JJ.

COOPER, Judge.

This is an appeal from a summary judgment dismissing the appellant's claim in an alleged negligence case. The issue is whether the trial court was correct in granting a summary judgment.

The appellant, Phillip L. Riney, Sr., and the appellee, Robert E. Wray, were neighbors. The appellee was having his house painted by another neighbor who was unable to finish the job. The appellee was unable to climb ladders due to a heart condition, so the appellant volunteered to paint the trim for him. On October 8, 1977, while the appellee was not at home, the appellant went to the appellee's home, took an extension ladder, propped it against the house, and voluntarily began painting. After a short time it began to rain and the appellant ceased painting and stepped down from the ladder. At this time, the appellee returned and he and the appellant went inside to wait for the rain to end.

After the rain stopped the two emerged from the house and the appellant again climbed the ladder and resumed the painting. The appellee was on the ground near the foot of the ladder observing the appellant's progress. It was apparent he was holding the ladder at least part of the time. With the appellee's help, the appellant moved and placed the ladder into a new position at least once. The appellant resumed his position on the ladder and continued the painting. There appears to have been no agreement or arrangement made between the parties that the appellee would hold the ladder, or would assist the appellant in any way. The appellant contends he took it for granted that the appellee would hold the ladder in position.

After the appellant had been painting for a short time, the appellee told him he was going to get another ladder and paint a section of the house a few feet away. The appellant was well aware of what was happening and continued to paint. The appellant testified that approximately one minute elapsed from the time the appellee left until he fell from the ladder. However, more time *may* have elapsed since the appellee had to obtain a ladder, place it against the house, get the paint and brush, climb the ladder, and start to work before he heard the noise of the appellant as he fell to the ground. The appellant subsequently filed an action for negligence.

The appellee contends he was not negligent and the appellant was contributorily negligent; therefore, he argues the trial court did not err in granting the motion for summary judgment. The appellant bases his claim of recovery upon an alleged duty of the appellee not to let go of the ladder. He relies most heavily on the case of *Johnson v. Brey,* Ky., 438 S.W.2d 535 (1969), in which a child was struck by a briar bush due to the alleged negligence of another child. There seems to be a factual distinction between the *Johnson* case and the case at bar. First, the release of the bush by Brey immediately struck the Johnson boy. In this case, some time had elapsed after the appellee left the appellant on the ladder until the accident. The appellant admits there was no discussion, agreement, or understanding that the appellee was to hold the ladder. This appears to have been the appellant's assumption.

The appellant admits he assisted in the positioning of the ladder and was aware that the appellee had gone to get another ladder. The appellee contends that if this created a dangerous condition, then the appellant exposed himself to it. In *Gossett v. Ky. Wagon Mfg. Co.,* 153 Ky. 101, 154 S.W. 897 (1913), the Court of Appeals ruled that where a painter had contracted to paint a steel water tower, he was bound to determine if the iron rods were safe to stand on. A person must exercise ordinary care for his own protection. *See Carlisle v. Reeves,* Ky., 294 S.W.2d 74 (1956); and *also see Vaught's Adm'x v. Ky. Utilities Co.,* Ky., 296 S.W.2d 459 (1956).

The appellee stresses two facts for consideration. First, the appellant recognized, or should have recognized, the danger of using ladders. Secondly, when the appellee was obtaining his ladder, the appellant said nothing about any danger that the appellant might be facing, but merely expressed concern about the appellee's being on a ladder due to his heart condition.

The appellee contends there is no genuine issue as to any material fact and the trial did not err in granting summary judgment. With this we agree. The motion and ground for a summary judgment were based on the appellant's version of what happened. CR 56.03 expressly provides that no genuine issue as to any material fact must exist. For the purpose of the motion for summary judgment and this appeal, it is assumed that the appellant's testimony is true. This being the case, all inferences and facts most favorable to the appellant are assumed. The test for sustaining summary judgments, as announced in *Holladay v. Peabody Coal Co.,* Ky., 560 S.W.2d 550 (1977); and *Bennett v. Southern Bell Telephone & Telegraph Co.,* Ky., 407 S.W.2d 403 (1966), has been met in the present action. It appears that the trial court had all the facts and testimony to consider before making its decision. The only two witnesses testified at great length, and there were no last minute witnesses to prove appellee's negligence, or to disprove appellant's contributory negligence.

In summary according to the appellant's testimony, he remained on the ladder and continued to paint after the appellee obtained a ladder and started painting. The appellant made no protest about any danger, nor did he request the appellee to remain where he was or hold the ladder. His only protest had to do with the appellee's health, and not his own well-being. The risk that the appellant subjected himself to was one that he could have easily eliminated before he fell. He continued to expose himself to that risk and was therefore contributorily negligent as a matter of law.

The judgment is affirmed.

All concur.